T.C. Memo. 2004-50

UNITED STATES TAX COURT

ALBERT G. COOPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8163-02L.                    Filed March 5, 2004.

<u>Joseph P. Nigro</u>, for petitioner.

<u>Edward J. Laubach, Jr.</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Chief Judge</u>:  The instant case is before us on respondent's motion for summary judgment pursuant to Rule 121. Pursuant to section 6330, respondent determined that the proposed collection action, relating to petitioner's 1991 and 1995 taxable years, was appropriate.  Petitioner contends that respondent's motion for summary judgment should be denied because respondent

did not consider a letter petitioner allegedly sent to respondent declaring petitioner's intent to pursue a collection alternative or an offer in compromise. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties' moving papers contain certain statements of fact which the parties do not dispute and are set forth as facts for the purpose of deciding the instant motion. Petitioner resided in McKees Rocks, Pennsylvania, when the petition was filed.

On December 16, 1991, petitioner filed a chapter 11 reorganization case with the U.S. Bankruptcy Court for the Western District of Pennsylvania. An amended plan of reorganization was confirmed in 1992. On November 5, 1996, the plan was converted from a chapter 11 case to a chapter 7 case. Respondent issued a proof of claim relating to petitioner's 1991 and 1995 taxable years.

On August 11, 2001, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to the 1991 and 1995 taxable years. On August 30, 2001, respondent received petitioner's request for a hearing. In the request for a section 6330 hearing, petitioner stated: "We disagree with the assessed balances and statutory additions based

on the fact that payments were made to the Internal Revenue Service that have not been credited."

On November 16, 2001, respondent's Appeals officer contacted petitioner by telephone to conduct a section 6330 hearing.  In a letter dated December 14, 2001, from the Appeals officer to petitioner, the Appeals officer provided petitioner with a transcript of account for the years in issue.  The Appeals officer's letter stated:

> This is in response to our phone conversation on November 16, 2001.
>
> *     *     *     *     *     *     *
>
> When we last spoke the plan was for me to provide you with these transcripts.  You were to then study them and advise me if there were any missing credits or, if any taxes have not yet been abated according to the Bankruptcy Court discharge order.

In a letter dated January 14, 2002, petitioner replied to the Appeals officer's letter and stated:

> A review of the transcripts reveals several discrepancies:
>
> 1. The amounts that have been paid that have not been credited to our clients account.  It appears that the amounts paid have been credited on the statement, but the amounts have not been applied to reduce the tax obligations of the Debtor;
>
> 2.  Failure to credit penalties discharged in bankruptcy. The Debtor filed for Chapter 11 Bankruptcy in 1991.  His case was subsequently converted to a Chapter 7 in 1996.  The Debtor did receive a discharge in Chapter 7 of all his unsecured obligations.  It is our contention that all the penalties that have been assessed by the Internal Revenue Service through 1996 should have been abated by the Internal Revenue Service, since they were a general unsecured obligation.  The transcripts that you have provided do not

reflect any abatement of penalties that were assessed against the Debtor.  Consequently, all account balances shown for each year commencing in 1989 through the year 1997 are incorrect.

On January 23, 2002, the Appeals officer replied to petitioner's January 14, 2002, letter.  The Appeals officer's letter stated:

> You also stated that penalties discharged in bankruptcy were not credited.  I have consulted with one of the local Bankruptcy Specialists who has advised me that the penalties in your client's case were not dischargeable.  Taxes will not be dischargeable if the due date for a tax return is within 3 years of the bankruptcy petition date.  Also, when a case converts from Chapter 11 to Chapter 7, it carries the same original petition date.  Although, according to the dates in your letter, your client's bankruptcy converted to Chapter 7 in 1996, the petition date for purposes of determining dischargeability goes back to the original filing in 1991.

> Accordingly, my determination, at this time, would have to be that the balances shown due are correct.  If I have misstated or misunderstood either the facts or the law relating to some aspect of this matter, please correct me and provide a citation that supports your position.  I will certainly reconsider all of this if my analysis is not consistent with the facts and law.

> If you wish to explore payment options, I can assist you in that matter.  Options may include either an installment payment agreement, an offer in compromise or, possibly, a suspension of collection action pending an improvement in your client's financial situation.

> Form 656 is enclosed for your use and information.  In that booklet you will also find financial statements (Forms 433-A&B).  If anything other than a short-term payment plan is sought, your client will have to submit the appropriate financial statement in support of the proposal they wish to make.

> I am faxing this letter to you this morning.  The original will be in the mail along with the Form 656.

If you have questions or concerns, please give me a call.  I would like your reply by February 4, 2002.  If I do not hear from you by that time, I will close my case and issue a Determination Letter that will advise you of your client's right to contest the determination by filing suit in Tax Court.

Petitioner responded to the Appeals officer's letter, by letter sent by petitioner's counsel to respondent on January 30, 2002, in which petitioner requested an extension of time to reply to respondent's January 23, 2002, letter.  Petitioner's counsel indicated that petitioner was employed as a truck driver, and that he was out of town.  Petitioner's counsel requested an extension of 30 days from February 4, 2002, to review the contents of the Appeals officer's letter.

On April 4, 2002, respondent issued a notice of determination for the years in issue, sustaining the amounts sought to be collected by levy.  The notice of determination stated:

No evidence has been presented to show that the amounts shown due are incorrect.  You have not demonstrated that any portion of these liabilities was discharged in bankruptcy.  You have not proposed a collection alternative.  The proposed collection action is sustained.

Attachment 3193, attached to the notice of determination, indicated that petitioner "expressed concern for the fact that there are missing credits and for the fact that bankruptcy should have discharged a portion of what is due."  The Appeals officer indicated that petitioner did not question the appropriateness of

the collection action or raise any collection alternatives.

Moreover, Attachment 3193 stated:

> Taxpayer has not demonstrated that there are any missing credits and has not refuted the Service's claim that these liabilities were never discharged in bankruptcy.  A telephonic hearing was held with the representative.  A deadline for responding was set, and, later, extended at the request of the representative.  I have not received a reply to my offer to consider other collection alternatives.
>
> Absent a cooperative response from the taxpayer, I must sustain the proposed levy action.
>
> On May 6, 2002, petitioner filed a petition in this Court.

On May 20, 2003, respondent's Appeals officer signed an affidavit which states:

> 2. I have examined the purported letter from Attorney Nigro to me dated March 4, 2002, a copy of which is attached hereto as Exhibit 1.
>
> 3. To the best of my knowledge, I never received this letter, Exhibit 1.  If I had received this letter, it would now be part of the administrative file in this case.
>
> 4. If I had received this letter before Appeals issued the Notice of Determination to Mr. Cooper on April 4, 2002, I would have given Mr. Cooper a short period of time to formally submit an offer in compromise.  If an offer was not formally submitted, I would have still issued the Notice of Determination.
>
> 5. On January 23, 2002, I provided Attorney Nigro with a Form 656, Offer in Compromise, instructional booklet and forms which he could have used to submit an offer to me before Appeals issued the Notice of Determination on April 4, 2002.

## Discussion

Petitioner contends that respondent failed to consider his March 4, 2002, letter, which announced petitioner's intent to

pursue collection alternatives or an offer in compromise. Respondent contends that petitioner's March 4, 2002, letter was not received and petitioner did not make an offer in compromise or propose collection alternatives.

"Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials." Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted where there is no dispute as to a material fact and a decision may be rendered as a matter of law. See Rule 121(a) and (b).[1] The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a manner most favorable to the other party. See Craig v. Commissioner, 119 T.C. 252, 260 (2002) (citing Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985)). The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in his pleadings.

---

[1]Rule 121(b) provides:

> A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *

See Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

In the instant case, the Appeals officer's January 23, 2002, letter, responding to petitioner's January 14, 2002, letter, addressed the issue of an offer in compromise or collection alternatives. Petitioner's January 30, 2002, letter, sent in reply to the Appeals officer's January 23, 2002, letter, stated that petitioner's counsel was attempting to contact petitioner in an effort to discuss the issues proposed in respondent's January 23, 2002, letter. Petitioner's January 30, 2002, letter indicated that an extension of time for reply to the Appeals officer's January 23, 2002, letter was necessary because petitioner, a truck driver, was unavailable to consider the Appeals officer's letter.

The attachment to the notice of determination refers to the Appeals officer's January 23, 2002, letter to petitioner and indicates that the period for petitioner to respond to that letter was extended. However, according to respondent, no communication from petitioner was received regarding that issue.

Petitioner contends that his counsel sent respondent a letter on March 4, 2002, in which petitioner sought to negotiate an offer in compromise or a collection alternative with the Appeals officer. Petitioner alleges that letter states: "After

discussing this matter with our client, he has requested that we pursue a collection alternative on his behalf. Our client would like to pursue an Offer and Compromise." Respondent contends that petitioner did not send the alleged March 4, 2002, letter.

Section 6330(c)(2)(A)(iii) requires the Commissioner's Appeals officer to consider "offers of collection alternatives, which may include posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." See Goza v. Commissioner, 114 T.C. 176, 180-182 (2000). We review the Commissioner's determinations under section 6330(c)(2)(A)(iii) under an abuse of discretion standard. Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, supra.

The correspondence between petitioner and the Appeals officer indicates that respondent was aware that petitioner was interested in seeking an offer in compromise. Respondent included the offer in compromise materials in the January 23, 2002, letter to petitioner. Petitioner's January 30, 2002, letter requested an extension of time to file a response to that letter. The notice of determination refers to such an extension of time to file a response. Petitioner contends that his March 4, 2002, letter stated that he wanted to seek an offer in compromise or enter into a collection alternative with respondent.

We view these facts in the light most favorable to petitioner as the nonmoving party. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Upon review of the facts and allegations contained in the parties' moving papers, we conclude that petitioner has alleged specific facts which indicate that a factual controversy exists. Our examination of the correspondence between petitioner and respondent leads us to conclude that the parties contemplated further negotiations toward an offer in compromise and that the March 4, 2002, letter, even though it may not have been received by respondent, was sent to achieve that purpose. Accordingly, we hold that respondent has not proved that there is no genuine issue of material fact and that a decision may be rendered as a matter of law on the issue before us in the instant motion.[2] See id. Accordingly, respondent's motion for summary judgment will be denied.

On the basis of the foregoing,

An appropriate order will be issued.

---

[2]Respondent contends that petitioner conceded all issues relating to the 1991 taxable year, pursuant to Rule 34(b)(4). Having denied respondent's motion for summary judgment, we note that petitioner may move to amend the petition to include the 1991 taxable year. See Rule 41.