T.C. Memo. 2005-229

UNITED STATES TAX COURT

CHRISTOPHER MICHAEL FRAZIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14372-04L.             Filed October 3, 2005.

Christopher Michael Frazier, pro se.

<u>Scott A. Hovey</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Chief Judge</u>:  This case is before the Court on
respondent's motion for summary judgment.  See Rule 121.[1]  The
issue for our consideration is whether respondent abused his

---

[1] All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

discretion in proceeding with a proposed levy on petitioner's assets.

## Background

At the time of the filing of the petition in this case, petitioner resided in Washington, D.C. At all relevant times, petitioner had outstanding income tax liabilities for taxable years 1990, 1991, 1992, 1993, 1995, 1999, and 2000 (collectively, petitioner's unpaid tax liability). On July 20, 2002, respondent sent petitioner a Final Notice - Notice of Intent to Levy and Notice of your Right to a Hearing (levy notice) with respect to petitioner's unpaid tax liability. In response, on August 15, 2002, petitioner timely filed a Request for a Collection Due Process Hearing (request) for taxable years 1990, 1991, 1992, 1993, 1995, 1999, and 2000.

The request consisted, in its entirety, of the following:

I do not understand the Account Summary page total please explain to me what is going on [sic]

Assessed Balance, Statutory Additions, Total, how did you come up with that balance. [sic] I would like to make monthly payment that I can aford. [sic] I do realize that it may take me the rest of my life to pay. How do I start paying and were. [sic] Please contact me by mail or phone * * * HELP

Between September 18, 2003, and July 13, 2004, petitioner and respondent's Appeals officer engaged in telephonic conversations and exchanged correspondence. Petitioner and the Appeals officer discussed collection alternatives, including an

offer-in-compromise.  When the Appeals officer determined that petitioner was not eligible for an offer-in-compromise, the possibility of petitioner's paying his tax liability through an installment agreement was discussed.

The Appeals officer and petitioner negotiated a proposed installment agreement under which petitioner was to make biweekly payments of $370 until the unpaid tax liability was paid in full. Entering into this agreement was conditioned upon petitioner's timely filing of a 2003 tax return.  Petitioner also signed a Form 2159, Payroll Deduction Agreement, which permitted respondent to withdraw automatically biweekly payments from petitioner's wage payments beginning on May 21, 2004.

Between March 22 and April 15, 2004, the Appeals officer contacted petitioner several times to notify him of his need to file his 2003 tax return to be eligible for the installment agreement.  However, petitioner did not file his 2003 tax return by April 15, 2004.  On July 13, 2004, respondent issued a Notice of Determination proposing a levy on petitioner's assets.

On August 11, 2004, petitioner timely filed his petition with this Court, challenging the amount assessed and requesting an installment agreement.  On April 28, 2005, respondent filed the motion for summary judgment.  Petitioner did not respond to the motion.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid the expense of unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted where there is no dispute as to a material fact and a decision may be rendered as a matter of law. See Rule 121. The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings. See Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

A petition for lien or levy action must contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and any issue not raised is deemed conceded. Rule 331(b)(4). The petition must also contain clear and concise facts upon which the petitioner bases each assignment of error. Rule 331(b)(5).

Section 6331(a) authorizes the Commissioner to levy on property and property rights of a taxpayer liable for taxes who fails to pay them within 10 days after notice and demand for payment. Sections 6331(d) and 6330(a), however, require written notice to be sent to the taxpayer of the intent to levy and of the taxpayer's right to a hearing prior to the making of the levy.

Section 6330(c)(2)(A) provides that the taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. Section 6330(c)(1) requires that the Appeals officer obtain verification that the requirements of any applicable law or administrative procedure have been met.

When an Appeals officer issues a determination regarding a disputed collection action, a taxpayer may seek judicial review with the Tax Court or a district court, as appropriate. Sec. 6330(d); see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). The underlying tax liability may be questioned if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Petitioner raises two issues. First, he disagrees with the amount assessed. Second, he wants to make installment payments.

Respondent argues that petitioner is prohibited from challenging the underlying liability because petitioner did not raise it at the section 6330 hearing, and this Court cannot determine whether respondent abused his discretion as to a matter not raised at the section 6330 hearing. We need not address whether petitioner raised the issue of his underlying liability or whether he is permitted to challenge it. Petitioner alleges no facts in the petition or any other pleadings that would show the assessed amounts are in error. See Rule 331(b)(5); Grant Creek Water Works, Ltd. v. Commissioner, supra; Casanova Co. v. Commissioner, supra. In addition, petitioner failed to respond to respondent's motion.

Respondent also argues that petitioner had the opportunity to pay under an installment plan but failed to comply with the conditions of entering into that agreement. Again, we need not address petitioner's compliance with the terms of the proposed installment agreement. Petitioner did not respond to respondent's motion or allege facts that would indicate it was an abuse of discretion for respondent to refuse to accept the proposed installment agreement.

Petitioner, in his petition, generally alleged that he disagrees with the amount of the tax and that he would like to pay under an installment agreement. The petition does not contain specific assignments of error or any statements of alleged facts. See Rule 331(b)(4) and (5). Petitioner also failed to set forth facts showing that there is a material or specific question regarding the amount of his underlying liability. In addition, the Appeals officer considered petitioner for an offer-in-compromise but determined he was not eligible, and petitioner does not contest that determination. Petitioner did not contend that the Appeals officer failed to comply with any other applicable law, and he did not raise any other relevant issue such as spousal defenses, challenges to the appropriateness of collection actions, or other collection alternatives. Accordingly, there exists no issue of material fact in this case, and respondent is entitled to summary judgment. Respondent is therefore entitled to proceed with collection activity.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.