T.C. Memo. 2006-203

UNITED STATES TAX COURT

JERRE MARVINE WOOD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16390-05L.                    Filed September 25, 2006.

Jerre Marvine Wood, pro se.

<u>Jeffrey S. Luechtefeld</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  The instant case is before the Court on respondent's motion for summary judgment pursuant to Rule 121 and to impose a penalty pursuant to section 6673.  The issue we must decide is whether respondent's Appeals Office abused its discretion in determining to proceed with collection of petitioner's tax liability for taxable year 2002.  After

considering respondent's motion and petitioner's response, as supplemented, we conclude that there remain no issues of material fact that require trial or hearing.  For the reasons stated below, we shall grant respondent's motion for summary judgment and to impose a penalty pursuant to section 6673.  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

## Background

At the time of filing the petition in the instant case, petitioner resided in Sarasota, Florida.  Petitioner failed to file a Federal income tax return or pay tax for taxable year 2002.  Respondent prepared a substitute for return pursuant to section 6020(b) and, on June 8, 2004, sent petitioner a notice of deficiency showing a deficiency of $3,011.[1]  Petitioner failed to petition this Court, and, accordingly, respondent assessed the deficiency plus additions to tax pursuant to sections 6651(a)(1) and 6654(a) and interest.

On February 19, 2005, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing.  On March 11, 2005, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing, and

---

[1]Petitioner does not dispute that she received the notice of deficiency.  Accordingly, this issue is deemed conceded.  See Rule 331(b)(4).

attachments which contained nothing but frivolous tax protester arguments. On April 19, 2005, petitioner sent respondent a letter captioned "Supplemental Letter to Request for Collection Due Process Hearing", in which petitioner continued to assert frivolous arguments.

Respondent's Appeals officer reviewed petitioner's correspondence and determined that all of petitioner's contentions were frivolous. On July 5, 2005, respondent's Appeals officer sent petitioner a letter in which respondent notified petitioner that respondent had received petitioner's request for a section 6330 hearing and scheduled a telephone conference for August 11, 2005, at 2:30 p.m. Respondent also offered petitioner the opportunity to reschedule the telephone conference and the opportunity to conduct the section 6330 hearing through correspondence. Respondent's letter also directed petitioner to an Internal Revenue Service (IRS) publication, "The Truth About Frivolous Tax Arguments", available on the IRS's Web site. In letters dated July 19, 23, 25, 27, and 30, 2005, petitioner continued to assert only frivolous tax protester arguments.

On August 11, 2005, the date of the scheduled telephone conference, respondent's Appeals officer attempted to contact petitioner but was unsuccessful. Following the unsuccessful attempt to contact petitioner, respondent's Appeals officer

conducted petitioner's section 6330 hearing based on the correspondence received from petitioner.  Respondent's Appeals officer determined that the proposed levy was appropriate and, on August 17, 2005, sent petitioner a notice of determination. Petitioner timely petitioned this Court pursuant to section 6330. Respondent filed a motion for summary judgment and to impose a penalty pursuant to section 6673 on August 21, 2006, and petitioner filed a response and a supplemental response on August 29, and September 13, 2006, respectively.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party.  Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The party opposing summary judgment must set forth specific facts that show a genuine question of material fact exists and may not

rely merely on allegations or denials in the pleadings.  Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies him or her in writing of the right to a hearing before the Appeals Office.  The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed.  Sec. 6330(c)(1).  At the hearing, the person may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax, however, only if he or she did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner had the opportunity to challenge the correctness of her tax liability for 2002 but instead chose not to petition this Court in response to the June 8, 2004, notice of deficiency. Therefore, petitioner's underlying tax liability for 2002 is not properly in issue, and we review respondent's determination to proceed with collection for an abuse of discretion.

The record in the instant case demonstrates that the only issues petitioner raised throughout the section 6330 administrative process, in her petition to this Court, and in her response, as supplemented, to respondent's motion for summary judgment and to impose a penalty pursuant to section 6673, were frivolous tax protester type arguments. We do not address petitioner's frivolous arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

The record in the instant case demonstrates that respondent's Appeals officer was impartial, had no prior involvement with petitioner, and verified that all applicable laws and administrative procedures were followed. Accordingly, we hold that respondent's determination to proceed with the proposed levy to collect petitioner's tax liability for 2002 was not an abuse of discretion and that no genuine issue of material

fact exists requiring trial. Respondent is entitled to summary judgment.

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court: (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies. Respondent has moved that the Court impose a penalty in the instant case. The record indicates that petitioner was warned that this Court could impose a penalty if she persisted in raising frivolous tax protester arguments. Despite being warned, petitioner raised frivolous arguments throughout the section 6330 administrative process, in her petition to this Court, and in her response, as supplemented, to respondent's motion. Accordingly, we shall impose a $1,000 penalty on petitioner pursuant to section 6673.

To reflect the foregoing,

An appropriate order and decision will be entered.