CASANOVA COMPANY, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 25468-84.        Filed July 28, 1986.

*Alan F. Segal,* for the petitioner.
*Andrew P. Fradkin* and *Thomas J. Kane,* for the respondent.

## OPINION

KÖRNER, *Judge*: Respondent determined that petitioner was liable for a deficiency of $172,500 in income tax required to be withheld for the calendar year ending December 31, 1980, together with additions to tax under section 6653(a)[1] in the amount of $8,625, and a further addition to tax under section 6656 in the amount of $8,625. The issues presented are:

(1) Whether petitioner was required to withhold income tax at the source on certain income paid to a foreign entity in 1980, pursuant to sections 1441, 1442, and/or applicable treaty provisions;

(2) If petitioner was liable to make such withholding, whether petitioner's failure to withhold subjects it to additions to tax under section 6653(a); and

(3) If petitioner was liable to make such withholding, whether petitioner is further liable for a 5-percent addition

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

to tax under section 6656, for failing to make deposits of tax withheld.

Petitioner is a partnership whose address at the time of filing the petition herein was in Chicago, Illinois. The relevant returns for the year in issue were filed with the District Director of Internal Revenue at Chicago, Illinois.

After the case was at issue, respondent commenced pretrial discovery and served on petitioner certain interrogatories and a request for production of documents, on or about February 7, 1985. No response having been received from petitioner, respondent on July 5, 1985, moved the Court for orders compelling petitioner to respond to respondent's interrogatories and request for production of documents.

On August 12, 1985, and before the Court had taken any action on respondent's motions, petitioner filed a response thereto, indicating that certain documents had been supplied to respondent which rendered respondent's motions moot. Respondent, while agreeing that the documents supplied were responsive to certain of his requests, reported to the Court on September 16, 1985, that petitioner's response was incomplete, that substantial legal and factual questions remain in the case, and prayed the Court to order full compliance with his requested discovery.

Respondent's motions were calendared for hearing at Chicago, Illinois, on November 12, 1985.

On November 6, 1985, petitioner filed a motion for summary judgment herein, together with supporting documents. Said motion was also calendared for hearing at Chicago, Illinois, on November 12, 1985. On that date, respondent filed a motion to strike petitioner's motion for summary judgment, or, in the alternative, to deny it, on the grounds that no competent evidence had been adduced, within the meaning of Rule 121, to support the motion. At the hearing on November 12, 1985, however, petitioner tendered and the Court accepted, as further attachments to petitioner's motion, certain relevant documents covered by appropriate affidavit, pursuant to Rule 121(d).

Both petitioner's motion for summary judgment and respondent's motions to enforce discovery were heard on November 12, 1985. Thereafter, respondent filed his cross-

motion for summary judgment, with memorandum in support thereof and in opposition to petitioner's motion for summary judgment, together with documents supported by affidavit; petitioner filed a brief in opposition to respondent's cross-motion for summary judgment, together with supplementary documents supported by affidavit; and respondent filed a supplementary or reply memorandum in support of his motion.

The case is before us in this posture. We will address the cross-motions for summary judgment first.

The Court's rule with respect to summary judgment motions, Rule 121, is derived in large part from Rule 56 of the Federal Rules of Civil Procedure. See notes to the Court's new Rules of 1974, 60 T.C. 1057, 1126, et seq. As relevant herein, Rule 121 provides as follows:

RULE 121. SUMMARY JUDGMENT

(a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. Such motion may be made at any time commencing 30 days after the pleadings are closed but within such time as not to delay the trial.

(b) Motion and Proceedings Thereon: The motion shall be filed and served in accordance with the requirements otherwise applicable. See Rules 50 and 54. An opposing written response, with or without supporting affidavits, shall be filed within such period as the Court may direct. A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case.

* * * * * * *

(d) Form of Affidavits; Further Testimony; Defense Required: Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith. The Court may permit affidavits to be supplemented or opposed by answers to interrogatories, depositions, further affidavits, or other acceptable materials, to the extent that other applicable conditions in these Rules are satisfied for utilizing such procedures. When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this

Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him.

The party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material *fact* exists, and that he is entitled to judgment as a matter of law. *Adickes v. Kress & Co.*, 398 U.S. 144, 157 (1970); *Gulfstream Land & Development v. Commissioner*, 71 T.C. 587, 596 (1979). The facts relied upon by the moving party must be viewed in the light most favorable to the opposing party so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. *Adickes v. Kress & Co.*, *supra*; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present so that the remedy can serve "its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried." *Lyons v. Board of Education of Charleston*, 523 F.2d 340, 347 (8th Cir. 1975). Finally, the party opposing summary judgment may not simply rest upon the mere allegations or denials of his pleading; his response, by affidavit or otherwise, must set forth more specific facts showing there is a genuine factual issue for trial. Rule 121(d). Whether or not facts are *material*, of course, depends upon the context in which they are raised and the legal issues which exist between the parties.

The controversy between the parties in this case involves the liability of petitioner to withhold U.S. income tax on payments of interest to a foreign entity.

Section 881(a) imposes a tax at the rate of 30 percent on amounts received from U.S. sources by foreign corporations, to the extent that those payments are not effectively connected with the conduct of a trade or business within the United States. Section 861(a)(1), in turn, provides that interest on certain obligations of residents of the United States is treated as income from sources within the United States for income tax purposes.

Section 1441, in general, requires U.S. persons to withhold U.S. income tax at the rate of 30 percent on payments of certain types of income to nonresident aliens. Such

income includes interest, section 1441(b). In like manner, section 1442 requires the same type of withholding, and at the same rate, with respect to such income which is paid to foreign corporations. Section 1461 imposes personal liability for such tax on every person required to withhold the same. Such statutory withholding agents are required to make annual returns to the Internal Revenue Service of all income as to which withholding is required, including any income which is exempted from withholding by reason of any treaty between the United States and a foreign country. The required annual returns are to be made on Form 1042 (U.S. Annual Return Of Income Tax To Be Paid At Source), and Form 1042S (Income Subject To Withholding Under Chapter 3, Internal Revenue Code). Sec. 1.1461-2, Income Tax Regs.

In order to recognize and accommodate special treaty provisions which may exist between the United States and foreign countries regarding the taxation and the withholding of income tax on certain types of income, section 1.1441-6, Income Tax Regs., as in effect for 1980, provides in pertinent part:

(a) In general. The rate of 30 percent or 14 percent shall be reduced as may be provided by a treaty with any country. * * * In case of payments on or after January 1, 1972, of any of the items specified in sec. 1.1441-2 (other than dividends), the requirements of paragraphs (b) and (c) of this section shall apply in lieu of the ownership certificate or the exemption (or reduced rate) certificate (or corresponding letter) required by the regulations under the various income tax conventions in effect to which the United States is a party.[2]

  *       *       *       *       *       *       *

(c) Income other than coupon bond interest or dividends. (1) To secure the reduced rate of, or exemption from, United States income tax at source in case of items of income specified in sec 1.1441-2 other than coupon bond interest and dividends, the recipient shall, if entitled to such treatment pursuant to a tax convention, file Form 1001 (Ownership, Exemption, or Reduced Rate Certificate) with the withholding agent. This form shall be completed and signed by either the owner of the income, his trustee, or his agent, and shall include such information as is required by the form and accompanying instructions. A separate Form 1001 shall be used for each type of income. For this purpose, all income from a trust, estate, or investment account shall be considered as a single type of

---

[2] The quoted language thus supersedes, pro tanto, the provisions of sec. 505.304, Regulations under Tax Conventions.

income. Each form shall also contain a statement that the owner of the income is entitled to a reduced rate of, or exemption from, tax pursuant to a tax convention. If, after filing such form, the owner ceases to be eligible for the benefits of the tax convention for such income, he shall promptly notify the withholding agent by letter.

(2) Form 1001 shall be effective for the successive 3-calendar-year period during which the income to which the form applies is paid. *Each such form filed with any withholding agent shall be filed as soon as practicable.* Once a form has been filed for a type of income (other than coupon bond interest) with respect to such a 3-year period, no additional Form 1001 for such income need be filed with respect to such period unless the Commissioner of Internal Revenue notifies the withholding agent that the taxpayer shall file another form. If any change occurs in the ownership of income subject to a Form 1001 recorded on the books of the withholding agent, the Form 1001 shall no longer be effective. The Form 1001 shall be retained by the withholding agent for at least 4 years after the end of the last calendar year in which income subject to the form is paid. [Emphasis supplied.]

Effective on January 1, 1947, there came into effect an Income Tax Convention between the United States and the Kingdom of the Netherlands, T.I.A.S. 1855, 62 Stat. 1757 (hereinafter referred to as the Convention). Article VIII of the Convention provides in pertinent part as follows:

(1) Interest (on bonds, securities, notes, debentures, or on any other form of indebtedness), other than interest referred to in Article V of the present Convention [not here relevant] derived from sources within the United States by a resident or corporation of the Netherlands not engaged in trade or business in the United States through a permanent establishment, shall be exempt from United States tax; but such exemption shall not apply to such interest paid by a United States corporation to a Netherlands corporation controlling, directly or indirectly, more than 50 percent of the entire voting power in the paying corporation. [62 Stat. 1761.]

The above-quoted portion of the Convention was amended by a supplementary convention between the two nations, effective July 8, 1966, but such amendment was not made applicable to the Netherlands Antilles, so that the original provision, quoted above, remains in effect with respect to that territory.

Effective September 28, 1964, the two nations adopted a Protocol extending and modifying the provisions of the Convention with respect to the Netherlands Antilles. In pertinent part, article I of the Protocol provides:

(2) Notwithstanding the provisions of paragraph (1) of the present Article, Articles VII, VIII and IX of the Convention shall continue to apply to dividends, interest, and royalties derived by any entity, to which the provisions of paragraph (1) of this Article would otherwise apply, if either

(a) the payer of such income is a United States corporation (other than a United States corporation, 60 percent or more of the gross income of which is derived from interest except to the extent derived by a corporation the principal business of which is the making of loans, dividends, royalties, rents from real property, or gain from the sale or other disposition of stock, securities, or real property), 25 percent or more of the stock of which is owned by such entity; or

(b) all of the stock of such entity is owned

(i) solely by one or more individual residents of the Netherlands Antilles in their individual capacities,

(ii) solely by one or more individual residents of the Netherlands in their individual capacities, or

(iii) solely by one or more corporations of the Netherlands [T.I.A.S. 5665, 15 U.S.T. 1902.].

For purposes of the present cross-motions for summary judgment, the following relevant and material facts are deemed to be established in this record by the pleadings, the affidavits of the parties, and other acceptable materials, pursuant to Rule 121(b).

Petitioner, for the year 1980, duly filed Forms 1042 and 1042S with respondent, in which petitioner reported the payment of $575,000 of interest in that year to Laatam, N.V., a Netherlands Antilles corporation, on which no U.S. income tax was withheld, based upon petitioner's claim of exemption under the Convention and the Protocol.

Upon audit, respondent determined a deficiency of income tax withholding against petitioner with respect to the above interest payment, in the amount of $172,500, together with statutory additions for negligence under section 6653(a), in the amount of $8,625, and a further addition under section 6656 for failure to make deposit of withheld taxes, in the amount of $8,625. The basis for said determination was stated by respondent in his statutory notice of deficiency as follows:

### Explanation of Deficiency

It is determined that Casanova Company filed Form 1042 (U.S. Annual Return of Income Tax To Be Paid At Source) for 1980, reporting payments of $575,000.00 in interest to Laatam N.V. Wilemstaad No 10 A

Curacao Netherlands Antilles. The rate of withholding was shown as zero, and no tax was withheld by Casanova Company.

Casanova Company has not verified or produced Form 1001 (Ownership, Exemption or Reduced Rate Certificate) or produced Forms VS-3 or VS-4 from the recipient of the interest payments, and therefore Casanova Company does not meet the requirements necessary to qualify for an exempt rate of withholding. Accordingly, a 30 percent rate of withholding is applied to the income subject to withholding, $575,000.00 and there is determined to be a deficiency of $172,500.00 for 1980.

In its petition filed herein, petitioner alleged error as to said determinations of respondent, and alleged that it had met or would meet the necessary requirements for exemption. Respondent's answer was a general denial.

As supplements to their respective motions for summary judgment, each party proffered and relies upon the following two documents:[3]

A. Treasury Form 1001 (Ownership, Exemption or Reduced Rate Certificate) filed by Laatam, N.V., with petitioner as its withholding agent, and certifying that it (Laatam) qualified for reduced or exempt rate of tax for the years 1979, 1980, and 1981. Such document was dated October 4, 1984.

B. Form VS-4, a certificate issued by the Government of the Netherlands Antilles, and issued for the purpose of filing with the U.S. Treasury Department, certifying that Laatam, N.V., is a corporation organized in the Netherlands Antilles, and all of whose stock is owned by Dutch interests within the meaning of article I(2)(b) of the Protocol of 1964 (quoted above herein). Said certificate was dated October 3, 1984, and is effective for a 3-year period beginning on June 1, 1979.

Thus, as framed by the pleadings, the narrow issue in this case is whether the Treasury Form 1001 and the Netherlands Antilles Form VS-4, filed by Laatam with petitioner and by petitioner with the Court, are sufficient to qualify petitioner as exempted from withholding tax on the interest payment which it made to Laatam in 1980, under the terms of the Convention and the Protocol, thus supporting a decision in favor of petitioners. The cross-motions for summary judgment narrow the issue even further to the

---

[3] The parties' reliance upon the same documents indicates that there is no dispute between them as to authenticity.

question of *when* such documents must be provided to petitioner.[4] Both parties appear to accept the authenticity of the documents, and that they would normally be sufficient to relieve petitioner of the withholding requirement. Petitioner, however, contends that these documents, even though executed in October 1984, are specifically applicable to a 3-year period including the year in issue, and are therefore sufficient under the Treaty and the Protocol, even though not filed until after the end of the year 1980 and after the filing of its Form 1042 and 1042S returns.

Respondent, on the other hand, contends that the two Forms 1001 and VS-4 are not valid to grant petitioner exemption from the withholding requirement for the year 1980, because they were not issued nor filed with petitioner until 1984.

We conclude that there are no material facts in dispute, and that the case may be decided as a matter of law, under Rule 121. We further conclude that the extremely narrow issue presented here should be decided in favor of petitioner.

The controlling law on the subject is found in sections 1441 and 1442, as modified by the Convention and Protocol between the United States and the Netherlands, the relevant portions of which are quoted above herein. Said statutes, Convention, and Protocol are silent as to the type of documentation or proof, and the timing thereof, which must be supplied to or by a taxpayer such as this petitioner, in order to secure the benefits of exemption from withholding with regard to the payment of interest to a Netherlands Antilles corporation. Respondent's regulation, section 1.1441-6(c), which we have quoted above, in relevant part, does require the execution and filing with *petitioner* of Form 1001. We give every benefit of the doubt to respondent (as we should in testing the adequacy of petitioner's motion for summary judgment), and assume for present purposes that the above regulation is a valid interpretive regulation, issued under the authority of section 7805, the Convention, and the Protocol,[5] and that it does not improp-

---

[4] Respondent's regulation, sec. 1.1441-6, quoted in part above herein, does not require that either such document be filed with respondent.

[5] See note 8 *infra.*

erly add additional requirements beyond the law, or limit rights which the law provides.[6] It nevertheless appears that respondent requires only that the foreign payee (Laatam in this case) furnish a Form 1001 to petitioner as withholding agent, without specifying the time when this should be done. Instead, the regulation provides only "Each such form filed with any withholding agent shall be filed as soon as practicable." We find this a very vague requirement, and can only infer that respondent was aware that in matters of this sort, involving foreign entities, there might be substantial time delays involved, for any one of a variety of reasons.

So far as the furnishing of the Netherlands Antilles Form VS-4 is concerned, respondent's regulations are silent. In his cross-motion for summary judgment, however, respondent urges that *both* the Treasury Form 1001 and the Netherlands Antilles Form VS-4 must be filed with petitioner as withholding agent *prior to the time the interest in question is paid.* In support of this proposition, respondent relies upon Rev. Proc. 79-40, 1979-2 C.B. 504, which indeed purports to impose such requirements. Such revenue procedures, however, like revenue rulings, do not have the force of law and are merely statements of respondent's litigating and administrative position. *Dixon v. United States*, 381 U.S. 68 (1965); *Stubbs, Overbeck & Associates v. United States*, 445 F.2d 1142, 1146-1147 (5th Cir. 1971); *Stemkowski v. Commissioner*, 76 T.C. 252, 295 (1981), affd. in part and revd. in part 690 F.2d 40 (2d Cir. 1982); *Rosenberg v. Commissioner*, 450 F.2d 529, 532 (10th Cir. 1971), affg. a Memorandum Opinion of this Court; *Collins v. Commissioner*, 61 T.C. 693, 701 (1974). We find nothing in the statute, the Convention, the Protocol, or respondent's regulations which imposes such requirements, either specifically or under any reasonable exegesis of those provisions. See and compare *Goodson-Todman Enterprises, Ltd. v.*

---

[6] See and compare *Northern Natural Gas Co. v. O'Malley*, 277 F.2d 128, 134 (8th Cir. 1960); *United States v. Zions Savings & Loan Association*, 313 F.2d 331, 336 (10th Cir. 1963); *United States v. Marett*, 325 F.2d 28, 30 (5th Cir. 1963); *Coady v. Commissioner*, 33 T.C. 771, 779 (1960), affd. 289 F.2d 490 (6th Cir. 1961); *Estate of Boeshore v. Commissioner*, 78 T.C. 523, 527 (1982), appeal dismissed (7th Cir. 1983); *Harris v. Commissioner*, 32 T.C. 1216 (1959).

*Commissioner*, 784 F.2d 66 (2d Cir. 1986), modifying and affirming 84 T.C. 225 (1985).

It can be urged, no doubt, that the requirements as to documentation and the timing thereof, as mandated by respondent in Rev. Proc. 79-40, are not unduly burdensome upon taxpayers, and are reasonable provisions to assure the orderly and efficient administration of the laws and the protection of the revenues. In the context of the present issue before the Court, however, they go beyond this and have the effect of extending the law, and limiting the substantive rights of taxpayers, beyond that which the treaty provisions and respondent's regulations require. This is not permissible.[7] If respondent finds his existing regulation inadequate to carry out the administration of the Convention and the Protocol, he may amend the regulation in a manner not inconsistent with the rights granted under the covenants between the two nations.[8] He may not do so by administrative fiat, nor should he expect this Court to do it for him.

As we have said above, the cross-motions for summary judgment of the parties make it clear that they are in agreement that the two forms here in question are authentic and, in and of themselves, would be sufficient to confer the necessary exemption from withholding upon petitioner. The only dispute here is the matter of timing. On this narrow point, we hold that petitioner's receipt of these documents herein, even though accomplished after the year 1980, was sufficient under the statute, the Convention, the Protocol, and respondent's regulation.

Petitioner's motion for summary judgment will accordingly be granted;[9] respondent's cross-motion for summary judgment will be denied; respondent's motion to strike petitioner's motion for summary judgment will be denied;

---

[7] See cases at note 6 *supra*.

[8] Art. XXVI(1) of the Convention provides:

"The authorities of each of the Contracting States, in accordance with the practices of that State, may prescribe regulations necessary to carry out the provisions of the present Convention." [T.I.A.S. 1855, 62 Stat. 1767.]

[9] Our holding on the principal issue automatically resolves in petitioner's favor the subsidiary issues involving additions to tax under secs. 6653(a) and 6656.

and respondent's motions to enforce discovery, filed herein on July 5, 1985, will be denied as moot.

*Decision will be entered for the petitioner.*