CONO A. PECORA, M.D., P.A., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pecora v. Commissioner
Docket No. 22930-80R.
United States Tax Court
T.C. Memo 1988-104; 1988 Tax Ct. Memo LEXIS 124; 55 T.C.M. (CCH) 365; T.C.M. (RIA) 88104; 9 Employee Benefits Cas. (BNA) 1656; March 8, 1988. Joseph S. Pecora, for the petitioner. David Mustone, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION
*126 WOLFE, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent determined that petitioner's pension and profit sharing plans (plans) failed to meet the qualification requirements of section 401(a) for the taxable year 1978. Pursuant to section 7476, [2] petitioner has invoked the jurisdiction of this Court for a declaratory judgment that its plans satisfy such qualification requirements. Rule 217 provides for disposition of an action for declaratory judgment involving a revocation on the basis of the administrative record alone only where the parties agree that the record contains all the relevant facts and that such facts are not in dispute. In this case respondent *127 has asserted that he disputes the truth of some of the alleged facts. Respondent filed a motion for summary judgment pursuant to Rule 121. [3]
Rule 121(b) provides that a motion for summary judgment is to be granted if "there is no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." The burden of proof is on the moving party, and we are required to view the factual materials and reference to be drawn therefrom in the light most favorable to the party opposing the motion. Casanova Co. v. Commissioner,87 T.C. 214, 217 (1986). In *128 January 1977, the Internal Revenue Service (IRS) issued favorable determination letters for the plans maintained by Cono A. Pecora, M.D., P.A., (petitioner) with respect to the amendments adopted April 29, 1976. These letters determined that the plans complied with the requirements set forth in section 401(a) for favorable tax treatment. The petitioner is a professional corporation on a fiscal year ending January 31 of each year. Both of the plans were also on the same fiscal year. During the plan year ending January 31, 1978, petitioner had three employees, two of whom were eligible to participate in the plans. The two employees eligible to participate were Cono A. Pecora, M.D. and August Leslie Warger. Dr. Pecora participated in both plans and Mr. Warner elected not to participate in either. Mr. Warer elected not to participate in order to receive current cash in lieu of coverage. Dr. Pecora was president, sole shareholder and highest paid employee of petitioner during this time. By letters dated September 29, 1980, the IRS revoked the 1977 favorable determination letters for both plans on the ground that the minimum coverage requirement of section 401 had not been satisfied *129 for the 1978 plan year. Respondent determined that petitioner's plans failed to meet the qualification requirements of section 401(a) for the plan year ending January 31, 1978. Pursuant to section 401(a)(3), the plans must satisfy the minimum participation standards contained in section 410. Section 410(b) provides "percentage" and "classification" tests for plan eligibility one of which a plan must satisfy in order to qualify under 401(a). Under these tests a plan will satisfy the eligibility requirements if it benefits either: (A) 70 percent or more of all employees, or 80 percent or more of all employees who are eligible to benefit under the plan if 70 percent or more of the employees are eligible to benefit under the plan, or (B) such employees as qualify under a classification set up by the employer and found by the Secretary not to be discriminatory in favor of employees who are officers, shareholders, or highly compensated. Sec. 410(b)(1)(A) and (B). Of the petitioner's three employees, only Dr. Pecora and Mr. Warger were eligible to participate in the plans. But, of these two employees, only Dr. Pecora participated in either plan. Since Mr. Warger elected not to participate *130 in the plans in order to receive more cash currently, he is not considered as covered by either plan. Sec. 1.401-3(c), Income Tax Regs.; Harwood Associates, Inc. v. Commissioner,63 T.C. 255, 262-263 (1974). Consequently, neither 70 percent of all employees nor 80 percent of eligible employees participated in the plans as required by section 410(b)(1)(A). The undisputed facts establish that petitioner fails the percentage test of section 410(b)(1)(A). Petitioner argues that the percentage test of section 410(b)(1)(A) is unconstitutional. Petitioner asserts that section 410(b)(1)(A) sweeps unnecessarily broadly, and violates its due process rights under the 5th Amendment to the Constitution in that it arbitrarily interferes with its right to hire qualified individuals as employees. It is well established that economic legislation is given a presumption of constitutionality, and the burden is on the one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way. Usery v. Turner Elkhorn Mining Co.,428 U.S. 1, 15 (1976). Respondent contends, and we agree, that petitioner's bare assertion *131 of unconstitutionality falls far short of the heavy burden petitioner must bear to overcome this presumption of constitutionality. Under section 410(b)(1)(B), qualification of a trust is conditioned on a finding by the employer is not discriminatory in favor of officers, shareholders, or highly compensated employees. To prevail on the issue of whether a trust meets the requirements of section 410(b)(1)(B), petitioner must show that the Commissioner's determination was arbitrary, unreasonable, or an abuse of discretion. Fujinon Optical, Inc. v. Commissioner,76 T.C. 499, 506-507 (1981); Loevsky v. Commissioner,55 T.C. 1144, 1149 (1971), affd. per curiam 471 F.2d 1178 (3d Cir. 1973), cert. denied 412 U.S. 919 (1973). Section 1.401-3(c), [4] Income Tax Regs. provides: (c) Since, for the purpose of section 401, a profit-sharing plan is a plan which provides for distributing the funds accumulated under the plan after a fixed number of years, the attainment of a stated age, or upon the prior occurrence of some event such as illness, disability, retirement, death, layoff, or severance of employment, employees who receive the *132 amounts allocated to their accounts before the expiration of such a period of time or the occurrence of such a contingency shall not be considered covered by a profit-sharing plan in determining whether the plan meets the coverage requirements of section 401(a)(3)(A) and (B). Thus, in case a plan permits employees to receive immediately the amounts allocated to their accounts, or to have such amounts paid to a profit-sharing plan for them, the employees who receive the shares immediately shall not, for the purpose of section 401, be considered covered by a profit-sharing plan. The Employee Retirement Income Security Act of 1974 (ERISA) Pub. L. 93-406, section 1011, 88 Stat. 900 and section 1016, 88 Stat. 929, recodified sections 401(a)(3)(A) and (B) as sections 410(b)(1)(A) and (B). Therefore, section 1.401-3(c), Income Tax Regs. applies to sections 410(b)(1)(A) and (B).
Applying this regulation to petitioner's plans as we previously have applied it in analogous circumstances, we find that in operations the plans did discriminate *133 in favor of an officer, shareholder and highly compensated employee. Although two of petitioner's employees are eligible to participate under the plan, only a single highly compensated employee chose to participate. The employee who received a low level of compensation chose to receive a current cash bonus in lieu of coverage. Since the sole participant, the only person covered, in 1978 was an officer and shareholder and the most highly compensated employee, the subject plans unquestionably were discriminatory within the meaning of section 410(b)(1)(B) and petitioner has failed to show that respondent's determination was arbitrary, unreasonable or an abuse of discretion. Sec. 1.401-3(c), Income Tax Regs.; Harwood Associates, Inc. v. Commissioner,63 T.C. at 262-263. The plans failed to meet the requirements of either subparagraph of section 410(b)(1), so they failed to meet the qualification requirements of section 401(a)(3). After careful review of the entire record, we conclude that there are no genuine issues of material fact in dispute and respondent is entitled to judgment as a matter of law. Respondent's Motion for Summary Judgment will be granted. *134 An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. All section references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioner has satisfied the relevant prerequisites for this declaratory judgment action: petitioner is the employer whose plans' qualifications are at issue, section 7476(b)(1); its exhaustion of administrative remedies is evidenced by respondent's final adverse determination letters dated September 29, 1980, section 7476(b)(3); and a timely petition with this Court was filed on December 29, 1980, after the amendments in issue were put into effect. ↩
3. Rule 217(b)(2) provides that an action for declaratory judgment may be decided on a motion for summary judgment under Rule 121↩. 4. Section 1.401-3(c), Income Tax Regs.↩, refers to sections 401(a)(3)(A) and (B) which are the predecessors to sections 410(b)(1)(A) and (B).