T.C. Memo. 2006-208


UNITED STATES TAX COURT


MARCUS C. SEAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24411-04.                Filed September 27, 2006.


Marcus C. Seay, pro se.

<u>Steven M. Webster</u>, for respondent.



MEMORANDUM OPINION


    WELLS, <u>Judge</u>:  The instant case is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]
After considering respondent's motion and petitioner's response,

---

    [1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
year in issue.

we conclude that no issues of material fact that require trial remain.  For the reasons stated below, we shall grant respondent's motion for summary judgment.

## Background

At the time of filing the petition, petitioner resided in Gastonia, North Carolina.  Petitioner failed to file Federal income tax returns or pay taxes for taxable years 1999, 2000, and 2002.  During each of the years in issue, petitioner had income in the form of wages, dividends, capital gains, interest, and nonemployee compensation.

On September 28, 2004, respondent issued separate notices of deficiency to petitioner for the 1999, 2000, and 2002 taxable years.  The notices determined the deficiency for each year, plus section 6651(a)(1) and section 6654(a) additions to tax.  Petitioner timely petitioned this Court for redetermination of the deficiencies.  Respondent timely filed an answer.

At the call of the calendar for the instant case on May 22, 2006, the Court ruled that respondent's proposed Stipulation of Facts was deemed established pursuant to respondent's Rule 91(f) motion.  The instant case was continued, and on June 21, 2006, respondent moved for summary judgment.  Petitioner timely filed a response but failed to state any specific facts that show the existence of a genuine question of material fact.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts that show a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Petitioner has not set forth specific facts showing the existence of a genuine issue of material fact. Petitioner contends that the records of petitioner's income subpoenaed from the payers by respondent were not properly admitted under the Federal Rules of Evidence. Petitioner's contention is without merit. What petitioner fails to understand is that the amounts of his income for the years in issue in the instant case have been deemed admitted. At no time in the instant case did

petitioner provide any evidence that the amounts or the deficiencies determined by respondent therefrom were other than as respondent has determined.  Accordingly, we hold that no genuine issue of material fact exists requiring trial and respondent is entitled to summary judgment.

We have considered all of petitioner's contentions, and, to the extent they are not addressed herein, they are irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.