T.C. Memo. 2009-165

UNITED STATES TAX COURT

KENNETH R. HURLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29669-07L.                Filed July 9, 2009.

Kenneth R. Hurley, pro se.

<u>Denise A. DiLoreto</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Pursuant to section 6330(d)(1),[1] petitioner

seeks review of respondent's determination to proceed with

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

collection by levy of petitioner's 2003 unpaid income tax liability.

This case was set for trial on February 23, 2009. On November 13, 2008, respondent filed a motion for summary judgment (motion) asserting that respondent had not abused his discretion in sustaining the levy and that no genuine issue of material fact remains for adjudication. By order dated November 18, 2008, the Court directed petitioner to file a response to the motion. Petitioner did not file a response addressing the merits of the motion but, instead, requested an additional 120 days to file a response to the motion. The Court denied petitioner's request for additional time to respond and calendared the motion for hearing on February 23, 2009, which was also the date set for trial. Petitioner failed to appear on February 23, 2009.

### Background

The facts set forth below are based upon examination of the pleadings, moving papers, and attachments.

Petitioner resided in Kentucky at the time the petition was filed.

On August 22, 2005, respondent sent to petitioner, by certified mail, a notice of deficiency in which respondent determined a $757 deficiency and a $151 section 6662(a) accuracy-related penalty regarding petitioner's 2003 Federal income tax liability. Petitioner did not petition this Court with respect

to the adjustments reflected in the notice of deficiency and, on December 19, 2005, respondent assessed the deficiency and the penalty.

On June 12, 2007, respondent sent to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding petitioner's unpaid 2003 tax liability. Petitioner responded, submitting to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, wherein he requested an installment agreement as a collection alternative.  By letter dated October 4, 2007, Settlement Officer Veronica Smith (SO Smith) advised petitioner that his hearing request had been received, that the hearing was set for November 6, 2007, and that he had to complete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and submit yet unfiled tax returns for 2000 and 2004 within 14 days of the letter in order for her to consider collection alternatives.

At the hearing SO Smith was unable to consider collection alternatives because petitioner neither completed Form 433-A nor submitted tax returns for 2000 and 2004.  During the hearing petitioner attempted to contest underlying tax liabilities for multiple tax periods (including tax year 2003) but was told by SO Smith that he was precluded from raising the underlying tax liability because, as he had admitted to her, he received the

notice of deficiency. SO Smith verified that the requirements of applicable law and administrative procedures had been met by verifying that the notice of deficiency for 2003 had been issued; verifying the timeliness of the assessment of the deficiency reflected in the notice; verifying that the period of limitations on collection of the liability had not expired; and verifying that the appropriate collection notices had been sent to petitioner. Following the hearing, respondent sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated November 20, 2007, sustaining the notice of intent to levy for the 2003 unpaid tax liability.

Petitioner timely filed a petition contesting the notice of determination regarding the unpaid tax and penalty for 2003. In the petition, petitioner indicated that he disputed the amount of tax owed and wanted to present a payment plan.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see also Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears

the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, supra at 529. When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d). The motion, however, must be granted "if the Court is satisfied that no real factual controversy is present so that the remedy can serve 'its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried.'" Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986) (quoting Lyons v. Bd. of Educ., 523 F.2d 340, 347 (8th Cir. 1975)).

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative decision for abuse of discretion. Id. at 182.

Section 6330(c)(2)(A) prescribes the issues that may be raised by a taxpayer in a collection due process hearing,

including spousal defenses to collection, challenges to the appropriateness of the Commissioner's intended collection action, and offers of alternative means of collection. Section 6330(c)(2)(B) provides that a person may "raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

Respondent's case activity record attached to the motion indicates that petitioner told SO Smith that he had received the notice of deficiency. Although he now contests the underlying tax liability, petitioner has neither denied that he received the notice of deficiency nor denied any other allegations in the motion. Thus we find that petitioner received the notice of deficiency for the tax year 2003 but did not avail himself of the opportunity to file a petition for redetermination with the Court pursuant to section 6213(a). In accordance with section 6330(c)(2)(B), petitioner therefore was precluded from contesting the validity of the underlying tax liability during his collection due process hearing and likewise is precluded from raising the issue anew in this proceeding. See Goza v. Commissioner, supra at 182-183.

Petitioner presented no information on which to base any collection alternatives. Petitioner presented nothing to refute

the facts presented in the motion and failed to appear at the time and place which this Court set for hearing on the motion and for trial.  Accordingly, no genuine issue remains for trial, and we shall grant the motion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.