T.C. Memo. 2011-281

UNITED STATES TAX COURT

JOHN ANTHONY DOMINGUEZ, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11755-10L.              Filed November 29, 2011.

John Anthony Dominguez, pro se.

Derek W. Kaczmarek, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment.[1]  We shall grant respondent's
motion.

_____

[1]Respondent filed the declaration of settlement officer
Margaret Gaona in support of respondent's motion for summary
judgment.  We shall refer collectively to respondent's motion for
summary judgment and that declaration as respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Arizona at the time he filed the petition.

On April 15, 2001, petitioner filed a Federal income tax (tax) return (return) for his taxable year 2000 (2000 return). When petitioner filed his 2000 return, he did not pay the tax due shown in that return.

On May 21, 2001, respondent assessed the tax shown in petitioner's 2000 return. On August 13, 2001, respondent applied a certain credit against that tax and assessed an addition to tax under section 6651(a)(2)[2] and interest as provided by law. On September 12, 2005, respondent assessed an additional addition to tax under section 6651(a)(2). On May 14, 2009, respondent assessed additional interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2000, as well as interest as provided by law accrued after May 14, 2009, as petitioner's unpaid 2000 liability.)

On various dates, respondent issued to petitioner notices of balance due with respect to petitioner's unpaid 2000 liability.

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

On October 28, 2008, petitioner filed a return for his taxable year 2007 (2007 return). When petitioner filed his 2007 return, he did not pay the tax due shown in that return.

On November 24, 2008, respondent assessed the tax shown in petitioner's 2007 return, additions to tax under sections 6651(a)(1) and (2) and 6654(a), and interest as provided by law. On December 1, 2008, respondent applied a certain credit against petitioner's tax and assessed additional interest as provided by law. On May 14, 2009, respondent assessed an additional addition to tax under section 6651(a)(2) and additional interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2007, as well as interest as provided by law accrued after May 14, 2009, as petitioner's unpaid 2007 liability.)

On various dates, respondent issued to petitioner notices of balance due with respect to petitioner's unpaid 2007 liability.

Petitioner did not file a tax return for any of his taxable years 2001, 2002, 2003, 2004, and 2005. Respondent prepared a substitute for return for each of those years.

On May 22, 2007, respondent issued to petitioner a notice of deficiency with respect to his taxable years 2001, 2002, 2003, and 2004 (notice of deficiency). Petitioner did not file a petition with the Court with respect to that notice of deficiency.

On October 29, 2007, respondent assessed tax and additions to tax under sections 6651(a)(1) and (2) and 6654(a), as determined in the notice of deficiency with respect to each of petitioner's taxable years 2001, 2002, 2003, and 2004 and interest as provided by law. On May 14, 2009, respondent assessed an additional addition to tax under section 6651(a)(2) with respect to each of petitioner's taxable years 2003 and 2004 and additional interest as provided by law. On April 15, 2010, respondent applied as a credit against petitioner's unpaid tax for his taxable year 2001 an overpayment for his taxable year 2009. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable years 2001, 2002, 2003, and 2004, as well as interest as provided by law accrued after May 14, 2009, as petitioner's unpaid 2001, 2002, 2003, and 2004 liabilities.)

On various dates, respondent issued to petitioner respective notices of balance due with respect to petitioner's unpaid 2001, 2002, 2003, and 2004 liabilities.

On October 28, 2008, petitioner filed a return for his taxable year 2005. Respondent accepted that return as petitioner's amended return for his taxable year 2005 (petitioner's 2005 amended return). When petitioner filed his 2005 amended return, he did not pay the tax due shown in that return.

On February 23, 2009, respondent assessed the tax shown in petitioner's 2005 amended return, additions to tax under sections

6651(a)(1) and (2) and 6654(a), and interest as provided by law. On May 14, 2009, respondent assessed an additional addition to tax under section 6651(a)(2) and additional interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2005, as well as interest as provided by law accrued after May 14, 2009, as petitioner's unpaid 2005 liability.)

On February 23, 2009, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2005 liability.

On May 14, 2009, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's taxable years 2000, 2001, 2002, 2003, 2004, 2005, and 2007.

On June 12, 2009, petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing (petitioner's Form 12153), with respect to the notice of intent to levy. In that form, petitioner indicated his disagreement with the notice of intent to levy and requested a hearing with respondent's Appeals Office (Appeals Office). In petitioner's Form 12153, petitioner stated in pertinent part: "I would like to propose a different way to pay the money I owe, partial payment installment agreement or offer in compromise, I hope you can help me with this."

By letter dated June 23, 2009, respondent acknowledged receipt of petitioner's Form 12153. That letter stated in pertinent part:

⊠ 5. Our records indicate you have not filed the following tax returns: 2008. To expedite the processing of your request, please mail these returns no later than July 07, 2009.

⊠ 6. To expedite the processing of your request, please complete the enclosed Collection Informa- tion Statement, and return this form in the enve- lope provided no later than July 07, 2009.

⊠ 8. Before collection alternatives can be consid- ered, you must file all tax returns that are cur- rently due. If I have not received your 2008 tax return along with the completed Form 433-F by the date shown above I will forward your request to appeals for consideration. I have enclosed our records of your income and Form 656 Offer in Com- promise.

On July 7, 2009, the date on which petitioner filed a return for his taxable year 2008 (2008 return), petitioner submitted to respondent a completed Form 433-F, Collection Information State- ment (petitioner's Form 433-F).

Petitioner's Form 433-F contained several sections identi- fied as sections A through H. In section A of that form, peti- tioner indicated that he maintained a savings account that had a balance of $18 and an "individual retirement plan" and that he participated in a profit-sharing arrangement.[3] In section C of

---

[3]Instead of showing the respective balances in petitioner's "individual retirement plan" and in the profit-sharing plan in which petitioner participated, he stated in section A of Form

(continued...)

petitioner's Form 433-F, petitioner indicated that he owned a 1991 Plymouth Voyager valued at $200.  In section E of that form, petitioner indicated that he was paid weekly and that his then-current year-to-date total income was $20,000 and that his total income as reported in his 2008 return was $42,442.

In section G of petitioner's Form 433-F, titled "Monthly Necessary Living Expenses", petitioner indicated in pertinent part:

---

³(...continued)
433-F:  "See attached paper".  The record does not contain the "attached paper" to which petitioner referred in section A of petitioner's Form 433-F.

| Food/Personal Care | | Housing & Utilities | | Other | |
|---|---|---|---|---|---|
| Food | $400 | Rent | $675 | Child/dependent care | -0- |
| Housekeeping supplies | 20 | Electric, oil/gas, water/trash | 226 | Estimated tax payments | -0- |
| Clothing and clothing services | 25 | Telephone and/or cell phone | 45 | Term life insurance | -0- |
| Personal care products & services | 25 | Real estate taxes and insurance | -0- | Retirement (employer required) | ? |
| Misc. (cable, Internet, etc.) | 55 | Total | 946 | Retirement (voluntary) | -- |
| Total | 525 | | | Court-ordered payments | -0- |
| | | | | See attached paper[2] | |

| Transportation | | Medical | |
|---|---|---|---|
| Gas/insurance/ licenses/parking/ maintenance, etc.[1] | 145 | Health insurance | ? |
| Public transportation | -0- | Out-of-pocket health care expenses | -0- |

[1]The amount claimed for "Gas" and other items was not totally legible.

[2]The record does not contain the "attached paper" to which petitioner referred in section G of petitioner's Form 433-F.

By letter dated July 13, 2009, respondent informed petitioner that a representative of the Appeals Office would contact him regarding the date and the time of a hearing.

A settlement officer with the Appeals Office (settlement officer) who was assigned petitioner's Form 12153 sent petitioner a letter dated September 16, 2009. That letter stated in pertinent part:

> Appeals received your request for a Collection Due Process (CDP) Hearing. I have scheduled a telephone conference call for you on October 21, 2009 at 9:30 a.m. Pacific Time. This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action.

\*       \*       \*       \*       \*       \*       \*

If this time is not convenient for you, the phone number has changed, or you would prefer your conference to be held by face-to-face at the Appeals office closest to your current residence, the school you attend or your place of employment or if you are a business, your business address, or by correspondence, please let me know within fourteen (14) days from the date of this letter, **by September 29, 2009**.  I will discuss with you if there are any offices that may be more convenient for you (e.g., Appeals office nearest place of employment or school) when you contact me.

\*       \*       \*       \*       \*       \*       \*

During the hearing, I must consider:

- Whether the IRS met all the requirements of any applicable law or administrative procedure

- Any nonfrivolous issues you wish to discuss. These can include:

  1. Collection alternatives to levy such as full payment of the liability, installment agreement, offer in compromise or temporary suspension of collection action if the action imposes a hardship condition. \* \* \*

  2. Challenges to the appropriateness of collection action. \* \* \*

  3. Spousal defenses, when applicable.

- We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency.

- We will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

\*        \*        \*        \*        \*        \*        \*

For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below.  In addition, you must have filed all federal tax returns required to be filed.

- A completed Collection Information Statement (Form 433-A for individuals), **(Please include the last 3 months of pay and bank statements along with supporting documents to substantiate your expenses such as rent and/or mortgage statement, proof of vehicle and health insurance, utility, water, gas statements etc)** \* \* \*

**Offer in Compromise -** If you plan to submit an Offer in Compromise, please complete the appropriate forms and submit Form 656 and required payments prior to the hearing, **by September 29, 2009.** \* \* \*

On October 21, 2009, the settlement officer held a telephonic conference (October 21, 2009 conference) with petitioner. The settlement officer informed petitioner during that conference that she had not received from him Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (Form 433-A), but that she would be willing to review and consider a completed Form 433-A if he faxed it to her that day. Petitioner did not dispute his underlying tax liability during the October 21, 2009 conference.  Instead, petitioner indicated during that conference that he wanted to enter into an installment agreement with respondent under which he proposed to pay $125 each month.

On October 23, 2009, the settlement officer received by facsimile from petitioner Form 433-A and supporting documentation (petitioner's Form 433-A).

Petitioner's Form 433-A contained several sections identified as sections 1 through 6.[4]  In section 4 of that form, petitioner indicated that he maintained a savings account that had a balance of $14, stock investments valued at $2,877,[5] and a section 401(k) plan with respect to which he failed to state a value.  In sections 3 and 4 of petitioner's Form 433-A, petitioner provided the responses indicated to the following questions:

> 8.  Any increase/decrease in Income anticipated
>     (business or personal) * * * ☐ Yes    ☒ No
>
>     *      *      *      *      *      *      *
>
> 15a. Life Insurance.  Does the individual have life
>      insurance with a cash value (Term Life Insurance
>      does not have a cash value.) * * *☐ Yes   ☒ No

In section 4 of petitioner's Form 433-A, petitioner indicated that he owned (1) a 1991 Plymouth Voyager valued at $300,

---

[4]Although petitioner's Form 433-A contained some of the same information provided in petitioner's Form 433-F, it also contained additional information (discussed below).

[5]In petitioner's Form 433-F, petitioner did not indicate that he had stock investments.

(2) a "living room set" valued at $200, (3) and a "bedroom set" valued at $250.[6]

In section 4 of petitioner's Form 433-A, petitioner also listed various income items and various living expense items. With respect to the income items listed in that section, petitioner indicated that he had total monthly income of $1,800 consisting of wages. With respect to the expense items listed in section 4 of petitioner's Form 433-A, petitioner indicated that he had total monthly living expenses of $1,622 consisting of $450 for food, clothing, housekeeping supplies, and personal care products, $946 for housing and utilities, $90 for vehicle-operating costs, $50 for health insurance, $50 for out-of-pocket health care costs, and $36 for life insurance.[7]

On October 25, 2009, the settlement officer reviewed petitioner's Form 433-A and supporting documentation. The settlement officer determined petitioner's monthly income and monthly expenses on the basis of petitioner's earnings statements and guidelines published by the Internal Revenue Service (IRS) on national and local living expense standards (IRS' national and

---

[6]In petitioner's Form 433-F, petitioner indicated that his 1991 Plymouth Voyager was valued at $200 and did not indicate that he owned a "living room set" or a "bedroom set".

[7]In petitioner's Form 433-F, petitioner indicated that he had $145 of expenses for vehicle-operating costs, that he was unsure of the amount that he paid for health insurance, and that he had no life insurance expenses or out-of-pocket health care expenses.

local standards).[8]  The settlement officer determined that peti-
tioner had (1) $4,442 of monthly income, instead of the $1,800
that he reported in petitioner's Form 433-A, and (2) $3,040 of
monthly expenses, instead of the $1,622 that he reported in that
form.  As a result, the settlement officer concluded that the net
amount that petitioner had available after paying his monthly
expenses (petitioner's monthly net income)[9] was $1,402.  Conse-
quently, she rejected petitioner's proposed installment agreement
under which he offered to pay only $125 each month.

On April 19, 2010, the Appeals Office issued to petitioner a
notice of determination concerning collection action(s) under

---

[8]The settlement officer made the following pertinent entries
in the so-called case activity records:

Reviewed and analyzed TP's 433-A and substantiatiion he
provided. * * * TP claims his gross income as $1800,
but per earnings statements, I used YTD from his latest
earnings statement of Sept. which came out to $4442. He
claimed $946 for Housing and Utilities which is below
the standard, allowed $946, Operating Cost TP claimed
$90, but per his earnings statement his Auto Insurance
deducted per pay period which totaled $195, allowed
standard amount since TP didn't consider the correct
amount, Out of pocket Health Care allowed standard
amount of $60, Health Insurance TP claimed $50, but per
his earnings statement, TP actually pays $216, allowed
this amount, Taxes-TP did not indicate an amount, per
earnings statement TP actually pays $978, allowed this
amount, Life Insurance-TP claimed $36, per earnings
statement, TP pays $52, allowed this amount.  His
total disposable income * * * is $1402.  Per his calcu-
lations his disposable income is $178.  [Reproduced
literally.]

[9]The settlement officer referred to petitioner's monthly net
income as "total disposable income".

section 6320 and/or 6330 (notice of determination) with respect to petitioner's taxable years 2000, 2001, 2002, 2003, 2004, 2005, and 2007.  That notice stated in pertinent part:  "We have determined that the Final Notice-- Notice of Intent to Levy was appropriate under the circumstances."

The notice of determination included an attachment that stated in pertinent part:

### SUMMARY AND RECOMMENDATION

Taxpayers requested a Collection Due Process (CDP) hearing with Appeals under Internal Revenue Code (IRC) § 6330 following receipt of the Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing.

The levy enforcement action proposed is the appropriate action in this case, for reasons stated below.

### BRIEF BACKGROUND

You filed a request for a Collection Due Process (CDP) hearing under Internal Revenue Code § 6330 following receipt of a LT11/1058 Final Notice of Intent to Levy and Notice of Your Right to a Hearing. * * *

The Final Notice of Intent to Levy was issued for unpaid income tax for periods ending December 31, 2000, December 31, 2001, December 31, 2002, December 31, 2003, December 31, 2004, December 31, 2005 and December 31, 2007. * * *

    *       *       *       *       *       *       *

On October 21, 2009, at 9:30 a.m Pacific Time, the scheduled date and time of your hearing, the assigned Settlement Officer called to conduct a telephonic hearing with you, as you had not requested a face-to-face hearing. * * *

## DISCUSSION AND ANALYSIS

During the hearing, the Settlement Officer informed you that the IRS had met the legal and administrative procedures for the proposing levy action. The Settlement Officer explained to you what was requested in the contact letter and asked you if you had Form 433-A, because she had not received it prior to the hearing. * * * She explained in order for her to consider a collection alternative, the 433-A would need to be complete and earnings statements, and expenses would need to be faxed to her by close of business that day. * * * You faxed in the 433-A with supporting documentation on July 23. The Settlement Officer reviewed and analyzed the 433-A and substantiation you provided. Based on Form 433-A, you claimed your gross monthly income as $1800. She based your gross monthly income as $4442 using the YTD (year-to-date) amount of $39,977.63 divided by 9 since the last statement you provided was for September. You claimed $946 for Housing and Utilities which is below the standard, allowed $946, for Operating Cost, you claimed $90, but per your earnings statement, you have your Auto Insurance deducted per pay period which totaled $195; the Standard amount of $262 was allowed since you did not your auto insurance in the amount you claimed. For Out of pocket Health Care, the standard amount of $60 was allowed, for Health Insurance you claimed $50, but per your earnings statement, you actually pay $216, allowed this amount, for Taxes, you did not indicate an amount. Based on your earnings statement, you actually pay $978; therefore this amount was allowed, for Life Insurance, you claimed $36, per earnings statement, you pay $52; therefore this amount was allowed. Your total disposable income is $1402 based on the analysis of the information you provided. You proposed a payment amount of $125 per month which is too low with your disposable income after expenses reflecting $1402.

Since your payment proposal was too low, we were unable to explore any collection alternative, other than full payment.

The Final Notice, Notice of Intent to Levy is sustained and your case will be returned to the Compliance Department for the next appropriate action.

**Verification of legal and procedural requirements:**

- Appeals has obtained verification from the IRS office collecting the tax that the requirements of any applicable law, regulation or administrative procedure with respect to the proposed levy have been met.  Computer records indicate that the notice and demand, notice of intent to levy, and notice of a right to a Collection Due Process hearing were issued.

- Assessment was properly made per IRC § 6201 for each tax and period listed on the CDP notice.

- The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC § 6303.

- There was a balance due when the CDP levy notice was issued.

- There is no offer-in-compromise or installment agreement pending or currently in effect.  There is also no pending innocent spouse request.

- There is no pending bankruptcy case, nor did the taxpayer have a pending bankruptcy case at the time the CDP notice was sent (11 U.S.C. §362(a)(6)).

**Prior involvement:**

The Appeals employee had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.

**Collection statute verification:**

The collection statute has been suspended; the collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.

Collection followed all legal and procedural require-
ments and the actions taken or proposed were appropri-
ate under the circumstances.

## Issues raised by the taxpayer

On your CDP request, Form 12153, you marked the box
requesting the collection alternative of an Installment
Agreement and Offer in Compromise.  You stated the
reason for your CDP request was because you wanted to
propose a different way to pay the money you owe such
as a partial payment installment agreement or offer in
compromise.  You hoped we could help you with this.

You were provided an opportunity to present a collec-
tion alternative as a resolution to any further collec-
tion action. * * * On your CDP request, you indicated
you were interested in an Offer in Compromise, there-
fore you were asked to provide Form 656, Offer in
Compromise * * *

Since your payment proposal was too low, we were unable
to explore any collection alternative, other than full
payment.

The Final Notice, Notice of Intent to Levy is sus-
tained.

## Collection Alternatives Offered by Taxpayer

You requested the collection alternative of an Install-
ment Agreement or an Offer in Compromise.

## Challenges to the Existence of Amount of Liability

You did not dispute your liability.

## You raised no other issues:

## Balancing of need for efficient collection with tax-
payer concern that the collection action be no more
intrusive than necessary.

We balanced the competing interests in finding the
proposed levy appropriate.  On your request for a CDP
hearing you offered a collection alternative in the
form of installment agreement (IA) or Offer in Compro-

mise.  During your hearing, you proposed a payment amount of $125 per month for an installment agreement as a resolution to the proposed levy.  After the hearing, you submitted the Form 433-A, Collection Information Statement and supporting documents to substantiate your income to the Settlement Officer on October 21, 2009.  Your proposed collection alternatives were not accepted for the following reason(s):

- Review of your financial information reflects your disposable income after expenses to be $1402.

- You did not submit Form 656, Offer in Compromise.

Because we were unable to accept your collection alternatives, the levy balances the need for efficient collection with your concern that any collection action be no more intrusive than necessary.  [Reproduced literally.]

On March 24, 2010, petitioner filed the petition commencing this case.  In the petition, petitioner alleged:

she [settlement officer] states I made $4442 a month an after everything is paid I still have $1402 a month left.  This is not so.  I underestimated the housing & utilities below standard [IRS' national and local standards].  I claimed $90 on auto insurance when I really Paid $195.00.  health care I claimed $60.00 when I really paid $216.00.  based on my earnings statement I actually payed $978.00 [in taxes].  for life insurance I claimed $36.00 when I paid $52.00.  I just did not know what all I could claim, an how much. * * * but there is no way that I would still have $1402 left at the end of the month, I wish I did.  would it be possible to make a monthly payment of $200.00 a month, just asking.  [Reproduced literally.]

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as

a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

Petitioner does not dispute the existence or the amount of petitioner's unpaid 2000 liability, petitioner's unpaid 2005 liability, and petitioner's unpaid 2007 liability.  In addition, petitioner did not file a petition with the Court with respect to the notice of deficiency for petitioner's taxable years 2001, 2002, 2003, and 2004.  Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

Although not altogether clear, it appears that petitioner is suggesting in the petition that there is a genuine issue of material fact regarding the amount of petitioner's monthly expenses.[10]  In the petition, petitioner alleged that the monthly amounts that he claimed in petitioner's Form 433-A for automobile insurance, health insurance, life insurance, and taxes should be revised to $195, $216, $52, and $978, respectively.  Petitioner fails to acknowledge that, in determining petitioner's monthly expenses, the settlement officer allowed petitioner the respec-

---

[10]Petitioner does not challenge the settlement officer's determination of his monthly income.

tive amounts of monthly expenses for automobile insurance, health insurance, life insurance, and taxes that he alleged in the petition.

Petitioner also alleged in the petition that because the monthly amount (i.e., $946) that he paid for housing and utilities is below the monthly amount for such expenses allowed in the IRS' national and local standards (i.e., $1,048), he should be allowed that higher monthly amount in determining his total monthly expenses. Even if petitioner were allowed $1,048 as the monthly amount for housing and utility expenses, his monthly expenses would total $3,142. Thus, petitioner's monthly net income would total $1,300, and not $1,402 as determined by the settlement officer. Nonetheless, monthly net income of $1,300 is well above the $125 each month that petitioner offered to pay under a proposed installment agreement in order to satisfy the respective liabilities at issue.

We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.[11]

---

[11]Although we ordered petitioner to file a response to respondent's motion, petitioner failed to do so. The only filings that petitioner made in this case are the petition and the request for place of trial. The party opposing summary judgment must set forth specific facts that show a genuine issue of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to petitioner's taxable years 2000, 2001, 2002, 2003, 2004, 2005, and 2007.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.