T.C. Memo. 2006-213

UNITED STATES TAX COURT

JOHN N. SWEENEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21167-05L.                    Filed October 3, 2006.

John N. Sweeney, pro se.

<u>Monica J. Miller</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  The instant case is before the Court on respondent's motion for summary judgment pursuant to Rule 121[1] and to impose a penalty pursuant to section 6673.  The issue we

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

must decide is whether respondent's Appeals Office abused its discretion in determining to proceed with collection of petitioner's tax liability for taxable years 1999, 2001, and 2002. For the reasons stated below, we shall grant respondent's motion for summary judgment and to impose a penalty pursuant to section 6673.

## Background

At the time of filing the petition in the instant case, petitioner resided in Melbourne, Florida. Petitioner failed to file Federal income tax returns or pay tax for taxable years 1999 through 2003. Respondent sent petitioner a notice of deficiency for each year. Petitioner petitioned this Court regarding taxable year 2003. That case is at docket No. 14262-05. Petitioner failed to petition this Court regarding any other taxable years, and accordingly, respondent assessed deficiencies plus section 6651(a)(1) and 6654(a) additions to tax and interest for taxable years 1999, 2001, and 2002. Petitioner's current liabilities, including interest through the trial date of October 16, 2006, for the years in issue are $38,324.42, $66,315.10, and $72,286.30, respectively.

On March 28, 2005, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to the years in issue in the instant case.

On April 19, 2005, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing.

Respondent's Appeals officer reviewed petitioner's correspondence and determined that all of petitioner's contentions were frivolous. On July 25, 2005, respondent's Appeals officer sent petitioner a letter in which respondent notified petitioner that respondent had received petitioner's request for a section 6330 hearing and scheduled a telephone conference for August 17, 2005, at 3 p.m. The letter advised petitioner that the underlying liabilities could not be raised at the hearing because petitioner had received statutory notices of deficiency.[2] Respondent's letter also directed petitioner to an Internal Revenue Service (IRS) publication, "The Truth About Frivolous Tax Arguments", available on the IRS's Web site. Finally, the letter advised petitioner of this Court's authority to impose a sanction of up to $25,000 pursuant to section 6673.

Petitioner did not respond to this letter and failed to participate in the scheduled phone conference. On August 22, 2005, respondent sent petitioner a letter again requesting that petitioner contact respondent and provide any additional

---

[2]Petitioner denies receiving a statutory notice of deficiency. However, this is only because petitioner claims to have received "non-statutory" notices of deficiency. Accordingly, the fact of receipt is deemed conceded.

information petitioner wished to have considered in the hearing. The letter requested a response by September 7, 2005.

On September 13, 2005, petitioner sent respondent a letter captioned "LEGAL NOTICE", in which petitioner asserted only frivolous arguments. Petitioner also sent a second letter containing frivolous arguments. All of the arguments petitioner raised in those letters were also raised in the 12-page amended petition filed with this Court in petitioner's deficiency case at docket No. 14262-05. On October 6, 2005, this Court struck, sua sponte, paragraphs 5 through 50 and 78 through 139 of the petition in that case as frivolous and advised petitioner regarding section 6673(a)(1).

Based on the administrative file and correspondence, respondent's Appeals officer determined that the proposed levy was appropriate and sent petitioner a notice of determination. Petitioner timely petitioned this Court pursuant to section 6330. Petitioner's lengthy petition and reply to respondent's answer raise only frivolous arguments. Respondent filed a motion for summary judgment and to impose a penalty pursuant to section 6673 on August 18, 2006.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where

there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. <u>Craig v. Commissioner</u>, 119 T.C. 252, 260 (2002); <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts that show a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies him or her in writing of the right to a hearing before the Appeals Office. The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing, the person may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax, however,

only if he or she did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner had the opportunity to challenge the correctness of his tax liability for 1999, 2001, and 2002 but instead chose not to petition this Court in response to the notices of deficiency regarding those years.  Therefore, petitioner's underlying tax liability for 1999, 2001, and 2002 is not properly in issue, and we review respondent's determination to proceed with collection for an abuse of discretion.

The record demonstrates that the only issues petitioner raised throughout the section 6330 administrative process and in his petition to this Court were frivolous tax protester type arguments.  We do not address petitioner's frivolous arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of

colorable merit.  See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

The record in the instant case demonstrates that respondent's Appeals officer was impartial, had no prior involvement with petitioner, and verified that all applicable laws and administrative procedures were followed.  Accordingly, we hold that respondent's determination to proceed with the proposed levy to collect petitioner's tax liability for 1999, 2001, and 2002 was not an abuse of discretion and that no genuine issue of material fact exists requiring trial.  Respondent is entitled to summary judgment.

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court:  (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies.  Respondent has moved that the Court impose a penalty in the instant case.  The record indicates that petitioner was warned that this Court could impose a penalty if he persisted in raising frivolous tax protester arguments.  Despite being warned, petitioner raised frivolous arguments throughout the section 6330 administrative process, in his petition to this Court, in his

reply to respondent's answer, and in his response to respondent's motion for summary judgment.  Accordingly, we shall impose a $10,000 penalty on petitioner pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered.</u>