T.C. Memo. 2007-13

UNITED STATES TAX COURT

CLETUS GAYLON WATERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1561-06L.          Filed January 17, 2007.

Cletus Gaylon Waters, pro se.

<u>Melinda K. Fisher</u>, for respondent.


MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]

---

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

The issue we must decide is whether respondent's Appeals Office abused its discretion in determining to proceed with collection of petitioner's tax liability for taxable years 1997 and 1998.

Background

At the time of filing the petition in the instant case, petitioner resided in Leesburg, Virginia.

On June 22, 1998, petitioner filed his 1997 tax return jointly with Sharon Lee Waters (Mrs. Waters), showing tax due of $12,095.[2] Petitioner had withheld payments of $15,000, and respondent issued petitioner and Mrs. Waters a refund of $2,905 on June 22, 1998.

Respondent examined petitioner's 1997 return and assessed additional taxes on December 24, 2000, and November 3, 2003, of $1,919, and $9,884, respectively. On October 24, 2005, the outstanding balance, including interest and penalties, for petitioner's 1997 tax year was $14,763.21.

On November 29, 1999, petitioner filed his 1998 tax return jointly with Mrs. Waters, showing tax due of $37,382.03. Petitioner's withholding for the 1998 year and payment submitted with the return totaled $32,200. On January 27, 2000, petitioner made a subsequent payment toward his liability for his 1998 taxable year of $5,868.02.

_____

[2]Sharon Lee Waters is not a party to this case.

On December 16, 2002, petitioner filed an amended return for his 1998 taxable year. On November 10, 2003, respondent assessed additional taxes for petitioner's 1998 taxable year of $16,567. On October 24, 2005, the outstanding balance, including interest and penalties, for petitioner's 1998 taxable year was $20,720.51.

On April 15, 2005, respondent sent petitioner and Mrs. Waters a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 for taxable years 1997 and 1998. On May 23, 2005, petitioner filed a Form 12153, Request for Collection Due Process Hearing.

By letter dated October 25, 2005, respondent's Settlement Officer, Mary Craca (Ms. Craca), informed petitioner that she had been assigned to his case and set an appointment for a face-to-face meeting in the Washington, D.C., Appeals Office at 1:00 p.m. on November 8, 2005. Ms. Craca also stated in the letter that, for her to consider collection alternatives, petitioner must submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and 2001, 2002, and 2003 tax returns.

On November 8, 2005, petitioner telephoned Ms. Craca and left a message stating that he would not be able to attend the hearing. Ms. Craca returned petitioner's telephone call later

that day, and they discussed petitioner's tax accounts over the telephone. Petitioner agreed that he owed the liabilities for taxable years 1997 and 1998 and did not dispute the accuracy of the assessed amounts. Petitioner likewise acknowledged that he had not filed tax returns for 2001, 2002, and 2003. Petitioner stated that he had an appointment with a return preparer the week of November 14, 2005. Ms. Craca set a deadline of December 5, 2005, for petitioner to provide her with the returns.

Ms. Craca did not receive any correspondence, tax returns, or financial information from petitioner by December 5, 2005. Ms. Craca verified that she had no prior involvement with the unpaid taxes at issue and that all legal and procedural requirements for proceeding with a lien had been met. Ms. Craca concluded that, because petitioner had not filed the required returns and had not provided the requested financial information, she could not consider collection alternatives. Ms. Craca then closed the case, sustaining the proposed lien. Respondent sent petitioner a Notice of Determination dated December 22, 2005.

By letter dated January 16, 2006, petitioner's probation officer[3] submitted a letter to the Court, requesting that respondent schedule a redetermination hearing, which letter the

---

[3]Petitioner spent 15 months in prison for filing fraudulent tax returns and fraud. He is now on supervised release for a term of 3 years.

Court filed as a petition in docket No. 1561-06L. On January 24, 2006, the Court ordered petitioner to file an amended petition by March 10, 2006.

On February 1, 2006, petitioner filed a petition from the Notice of Determination for taxable years 1997 and 1998, which was designated as docket No. 2327-06L. On February 17, 2006, respondent moved that the case at docket No. 2327-06L be closed on grounds of duplication. On March 2, 2006, the Court closed the case at docket No. 2327-06L and ordered that the petition in that case become the amended petition in the instant case. The amended petition does not assign error to respondent's determination, stating that petitioner's income is exclusively from Social Security payments and he is disabled.

On November 15, 2006, respondent filed the motion for summary judgment. The Court ordered petitioner to respond to the motion by December 20, 2006; however, petitioner has failed to do so.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party

bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The party opposing summary judgment must set forth specific facts that show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6320(a)(1) requires the Secretary to give persons liable to pay taxes written notice of the filing of a tax lien. Section 6320(a)(3)(B) and (b)(1) provides that the notice shall inform such persons of the right to request a hearing in respondent's Appeals Office.

Section 6320(c) provides that an Appeals Office hearing generally shall be conducted consistently with the procedures set forth in section 6330(c), (d), and (e). The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing, the person against whom the lien is made may raise any relevant issues relating to the unpaid tax or the lien, including appropriate spousal defenses, challenges to the appropriateness

of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax, however, only if he did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner has not challenged the underlying tax liability in his petition or any other filing. Accordingly, we review respondent's determination for abuse of discretion.

During the Appeals hearing, the only issue petitioner raised was the possibility of collection alternatives. However, petitioner failed to provide Ms. Craca with the requisite documentation, including Form 433-A. Additionally, petitioner failed to file tax returns for taxable years 2001, 2002, and 2003. Finally, petitioner never submitted a collection alternative for Ms. Craca to consider. On the basis of the

foregoing, we hold that no genuine issue of material fact exists requiring trial and that respondent is entitled to summary judgment.  Accordingly, we hold that respondent's determination to sustain the lien was not an abuse of discretion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.