T.C. Summary Opinion 2007-70


UNITED STATES TAX COURT


MARK S. & LOIS A. FREME, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 320-06S.                    Filed May 2, 2007.


Mark S. and Lois A. Freme, pro sese.

<u>Lisa K. Hunter</u>, for respondent.


CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).
Petitioners filed the petition in this case pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time that petition was filed.[1]  Pursuant to section

_____

[1]Hereinafter, all section references are to the Internal
Revenue Code in effect at all relevant times.  All Rule refer-
(continued...)

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioners resided in Cedar Rapids, Iowa, at the time they filed the petition in this case.

On April 15, 1999, petitioners jointly filed a Federal income tax (tax) return (return) for their taxable year 1998 (1998 return). Petitioners' 1998 return showed tax of $4,226, withholding credits of $3,201.67, and tax due of $1,024.33. When petitioners filed their 1998 return, they did not pay the tax due shown in that return.

On May 10, 1999, respondent assessed the tax of $4,226 shown in petitioners' 1998 return and interest as provided by law. On various dates after May 10, 1999, petitioners made certain payments with respect to their taxable year 1998. On May 2, 2005, respondent assessed a $256.09 addition under section 6651(a)(2) to petitioners' tax for their taxable year 1998 and interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioners' taxable year 1998,

---

[1](...continued)
ences are to the Tax Court Rules of Practice and Procedure.

as well as interest provided by law accrued after May 2, 2005, as petitioners' unpaid 1998 liability.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid 1998 liability.

On April 15, 2000, petitioners jointly filed a return for their taxable year 1999 (1999 return). Petitioners' 1999 return showed tax of $3,649, withholding credits of $2,188, and tax due of $1,461. When petitioners filed their 1999 return, they did not pay the tax due shown in that return.

On May 22, 2000, respondent assessed the tax of $3,649 shown in petitioners' 1999 return, an addition to tax under section 6651(a)(2) of $10.61, and interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioners' taxable year 1999, as well as interest provided by law accrued after May 22, 2000, as petitioners' unpaid 1999 liability.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid 1999 liability.

On April 13, 2002, petitioners jointly filed a return for their taxable year 2000 (2000 return). Petitioners' 2000 return showed tax of $3,230, withholding credits of $2,896, and tax due of $334. When petitioners filed their 2000 return, they did not pay the tax due shown in that return.

On May 20, 2002, respondent assessed the tax of $3,230 shown in petitioners' 2000 return, additions to tax under section 6651(a)(1) and (2) of $100 and $23.38, respectively, and interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioners' taxable year 2000, as well as interest provided by law accrued after May 20, 2002, as petitioners' unpaid 2000 liability.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid 2000 liability.

On April 15, 2002, petitioners jointly filed a return for their taxable year 2001 (2001 return). Petitioners' 2001 return showed tax of $4,939, withholding credits of $4,732, and tax due of $207. When petitioners filed their 2001 return, they did not pay the tax due shown in that return.

On May 20, 2002, respondent assessed the tax of $4,939 shown in petitioners' 2001 return, an addition to tax under section 6651(a)(2) of $2.07, and interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioners' taxable year 2001, as well as interest provided by law accrued after May 20, 2002, as petitioners' unpaid 2001 liability.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid 2001 liability.

On April 4, 2004, petitioners jointly filed a return for their taxable year 2002 (2002 return). Petitioners' 2002 return showed tax of $6,377, withholding credits of $4,238, and tax due of $2,139. When petitioners filed their 2002 return, they did not pay the tax due shown in that return.

On July 5, 2004, respondent assessed the tax of $6,377 shown in petitioners' 2002 return, additions to tax under sections 6651(a)(1), 6651(a)(2), and 6654 of $481.27, $99.67, and $29, respectively, and interest as provided by law. (We shall refer to any unpaid assessed amounts with respect to petitioners' taxable year 2002, as well as interest provided by law accrued after July 5, 2004, as petitioners' unpaid 2002 liability.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid 2002 liability.

On April 15, 2004, petitioners jointly filed a return for their taxable year 2003 (2003 return). Petitioners' 2003 return showed tax of $4,124, withholding credits of $2,642, and tax due of $1,482. When petitioners filed their 2003 return, they did not pay the tax due shown in that return.

On May 31, 2004, respondent assessed the tax of $4,124 shown in petitioners' 2003 return, additions to tax under sections 6651(a)(2) and 6654 of $14.82 and $41, respectively, and interest as provided by law. (We shall refer to any unpaid assessed

amounts with respect to petitioners' taxable year 2003, as well as interest provided by law accrued after May 31, 2004, as petitioners' unpaid 2003 liability.)

Respondent issued to petitioners the notice and demand for payment required by section 6303(a) with respect to petitioners' unpaid 2003 liability.

On June 22, 2005, respondent filed a notice of Federal tax lien (tax lien filing) with respect to petitioners' taxable years 1998 through 2003. That tax lien filing showed, inter alia, no amount with respect to petitioners' taxable year 1998 under the heading "Unpaid Balance of Assessment".

On June 23, 2005, respondent issued to petitioners a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to petitioners' taxable years 1998 through 2003. That notice of tax lien showed, inter alia, zero dollars with respect to petitioners' taxable year 1998 under the heading "Amount Owed".

On July 11, 2005, in response to the notice of tax lien, petitioners filed Form 12153, Request for a Collection Due Process Hearing (petitioners' Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). In petitioners' Form 12153, petitioners indicated that they did not agree with the notice of tax lien, and stated: "payments have been made have never recieved [sic] accounting."

On July 14, 2005, a representative of respondent (respondent's representative) spoke on the telephone with petitioner Mark Freme (Mr. Freme) regarding petitioners' Form 12153. During that telephone call, Mr. Freme indicated that he wanted an installment agreement. On July 14, 2005, respondent's representative faxed, inter alia, Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (Form 433-A), to petitioners. Respondent's representative did not receive from petitioners completed Form 433-A. On July 29, 2005, respondent's representative forwarded to the Appeals Office petitioners' Form 12153.

On September 13, 2005, an Appeals officer with the Appeals Office (Appeals officer) sent petitioners a letter. That letter stated in pertinent part:

> This letter is in response to your Request for a Collection Due Process Hearing. The Appeals' office is hereby offering you a hearing by phone, letter, or in-person. It is important you contact me by September 28, 2005 to discuss your hearing.
>
> *     *     *     *     *     *     *
>
> If you wish to propose collection alternatives such as an installment agreement or an offer in compromise, you must submit current financial information. I have enclosed a Collection Information Statement for Wage Earners and Self-Employed Individuals; Form 433-A, for this purpose. Please forward the completed Form 433-A to me by September 28, 2005.
>
> *     *     *     *     *     *     *
>
> Please note if I don't hear from you to discuss your case, your hearing may consist of a review by Appeals

of the administrative file, including information you already provided.  We may issue you a determination letter based upon that review.

On September 29, 2005, the Appeals officer and Mr. Freme spoke on the telephone.  During that telephone call, Mr. Freme stated that he intended to mail on the next day (i.e., September 30, 2005) to the Appeals officer completed Form 433-A.

On October 12, 2005, the Appeals officer sent petitioners another letter (Appeals officer's October 12, 2005 letter).  That letter stated in pertinent part:

> On September 13, 2005, I sent you a letter offering you a hearing; you have the opportunity for a conference by personal interview, correspondence and/or by telephone. I also requested some additional information to resolve your case.  I asked you to contact me by September 28, 2005 to discuss the Collection Due Process Hearing that you requested.  On September 29, 2005, we had telephone conversation in which you said you would be mailing in the Form 433-A on September 30, 2005.  As of this date, I have not received the information requested.
>
> As previously stated, if you wish to propose collection alternatives such as installment agreement or an offer in compromise you must submit current financial infor- mation.  I have enclosed A Form 433-A for this purpose.
>
> Please contact me to discuss your hearing, and please forward the above requested information.  If I don't hear from you by November 3, 2005 your hearing will consist of a review by Appeals of the administrative file, including information already provided by you.  A determination letter will be issued to you based upon that review.  [Reproduced literally.]

Petitioners did not respond to the Appeals officer's October 12, 2005 letter.  At no time during the consideration by the Appeals officer of petitioners' Form 12153 did petitioners

provide Form 433-A or any other documentary evidence relating to their financial status or their financial situation at and after the respective times their returns for their taxable years 1998 through 2003 were filed.

On December 2, 2005, the Appeals Office issued to petitioners a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).  That notice stated in pertinent part:

> **Summary of Determination**
>
> We have found that all legal and administrative re-
> quirements for the action taken have been met.  We have
> also considered whether the collection action taken or
> proposed balances the need for the efficient collection
> of the taxes with the legitimate concern of the tax-
> payer that any collection action be no more intrusive
> than necessary.  At this time, grounds for withdrawal
> of the lien have not been established.  The case will
> be returned to the Automated Collection System (ACS)
> for the appropriate actions.

An attachment to the notice of determination stated in pertinent part with respect to petitioners' taxable years 1998 through 2003:

> **SUMMARY AND RECOMMENDATION**
>
> The taxpayers did not present any information that
> warrants withdrawal of the filed Notice of Federal Tax
> Lien.
>
> **BRIEF BACKGROUND**
>
> This Appeals employee has had no prior involvement with
> this taxpayer with respect to these liabilities in
> either Compliance or Appeals.
>
> In our letter dated September 13, 2005, we asked the

taxpayers to contact us to schedule their Collection Due Process hearing.  On September 29, 2005 we received a message that the taxpayer had called in and requested we call back.  We made an outcall to the taxpayer, who stated he just found our letter in a stack of work and called in to let us know that he would be mailing in his completed Form 433-A, financial statement on September 30, 2005.  On October 12, 2005, we sent a follow-up letter again requesting the taxpayers to contact our office to schedule their Collection Due Process hearing or provide their financial information. Since they did not contact our office, they offered no alternative to the proposed collection action.  Therefore, we made our decision based upon the information in their case file and computer transcripts of the account history.

## Verification of Applicable Legal and Administrative Procedures

To the best of our knowledge, with the information available to us, we have determined that Compliance followed all legal and procedural requirements and the actions taken or proposed were appropriate under the circumstances.

\*     \*     \*     \*     \*     \*     \*

## Issues Raised by the Taxpayer

In their request for a hearing the taxpayers asked for an installment agreement.  They failed to return the financial statement that we mailed to them.

## Challenges to the Existence or Amount of the Liability

The taxpayers' request for a hearing did not challenge the existence or the amount of the tax liability.

## Challenges to the Appropriateness of the Proposed Collection Action

The taxpayers did not challenge the proposed collection action.

## Collection Alternatives Offered by the Taxpayer

The taxpayers offered no viable alternative to the

proposed enforcement action.  They failed to return the financial statement we sent them.

**Balancing Efficient Tax Collection and Intrusiveness**

Per IRC §6330(c)(3)(C), the determination by Appeals under this subsection shall take into consideration whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  In this case, the taxpayers' concern that the actions of the Compliance Division are unduly intrusive was weighed against the Service's responsibility to apply the tax law fairly to all.  Filing a lien or issuance of a levy always creates hardship for the taxpayer and is always intrusive.  Even so, the lien or levy is sometimes necessary to collect the tax in the most efficient manner and/or to secure the Internal Revenue Service's equity position in assets.

**The Notice of Federal Tax Lien will not be withdrawn.**

In the petition that petitioners filed commencing the instant case, petitioners stated:

payments have been made yet no accounting has been provided.  plaintiffs are currently unable to pay the remaining deficiency balance.  plaintiffs request that the internal revenue service provide an accurate accounting of payments made and seek relief from interest and penalties, that all lien petitions be cancelled. [Reproduced literally.]

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact

regarding the questions raised in respondent's motion.[2]

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Petitioners' Taxable Year 1998

According to respondent's tax lien filing and respondent's notice of tax lien, petitioners do not have any unpaid liability with respect to petitioners' taxable year 1998. Respondent's tax lien filing showed no amount with respect to petitioners' taxable year 1998 under the heading "Unpaid Balance of Assessment" and respondent's notice of tax lien showed zero dollars with respect to that year under the heading "Amount Owed". We conclude that the tax lien filing with respect to petitioners' taxable year 1998 was not proper. See sec. 6321.

Petitioners' Taxable Years 1999 Through 2003

Petitioners allege in the petition that respondent failed to account for all of the payments that they made with respect to

---

[2]Although the Court ordered petitioners to file a response to respondent's motion, petitioners failed to do so. The only filings that petitioners made in this case are the petition and the designation of place of trial. The party opposing summary judgment must set forth specific facts that show a genuine issue of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986). Petitioners may not rely on their allegations in the petition in order to establish a genuine issue of material fact.

each of their taxable years 1999 through 2003. Petitioners thus dispute the amount of the unpaid liability for each of those years. We shall review that dispute on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Although petitioners allege in the petition that respondent did not account for all of the payments that they made with respect to each of their taxable years 1999 through 2003, they do not identify any such payments. On the instant record, we are unable to find that respondent failed to account for all of the payments that petitioners made for each of those years.

As we understand it, petitioners advance as an alternative argument that they should be relieved from paying any addition to tax and interest with respect to each of their taxable years 1999 through 2003. We construe that argument as a request to review respondent's failure to abate additions to tax and interest under section 6404.

We turn first to petitioners' argument regarding respondent's failure to abate additions to tax under section 6404. The record does not establish that petitioners advanced that argument at the Appeals Office. Consequently, we shall not consider that matter.[3] Sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.;

---

[3]Assuming arguendo that the record before us established that petitioners raised with the Appeals Office respondent's
(continued...)

see also <u>Washington v. Commissioner</u>, 120 T.C. 114, 123-124 (2003).

We turn now to petitioners' argument regarding respondent's failure to abate interest under section 6404, which we shall review for abuse of discretion. See sec. 6404(h); see also <u>Lee v. Commissioner</u>, 113 T.C. 145, 149 (1999). Section 6404(e) permits respondent to abate interest with respect to an unreasonable error or delay resulting from managerial and ministerial acts.

Although petitioners allege in the petition that they should be relieved from paying any interest with respect to each of their taxable years 1999 through 2003, petitioners do not advance any contentions or arguments in support of that allegation. On the record before us, we find that petitioners have failed to show that respondent abused respondent's discretion in failing to abate interest under section 6404 with respect to each of those years.

Based upon our examination of the entire record before us, we reject respondent's determination in the notice of determina-

---

[3](...continued)
failure to abate additions to tax under sec. 6404, on that record, we hold that the Court does not have jurisdiction to review petitioners' request that we review any such failure. See sec. 6404(h); see also <u>Washington v. Commissioner</u>, 120 T.C. 114, 124 n.15 (2003); <u>Krugman v. Commissioner</u>, 112 T.C. 230, 237 (1999).

tion with respect to petitioners' taxable year 1998.[4]  On that record, we sustain respondent's determinations in that notice with respect to petitioners' taxable years 1999 through 2003.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[4]We concluded above that the tax lien filing with respect to petitioners' taxable year 1998 was not proper.