T.C. Memo. 2007-118

UNITED STATES TAX COURT

TIMOTHY L. CLOUSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13119-02L.                    Filed May 9, 2007.

Timothy L. Clouse, pro se.

<u>Anita A. Gill</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]
The issue we must decide is whether respondent may proceed to

_____

    [1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

collect petitioner's outstanding tax liability by levy pursuant to section 6330.

## Background

At the time of filing the petition, petitioner resided in Fremont, Ohio.

Petitioner filed a Federal income tax return for taxable year 1998 showing an amount due. Respondent assessed the amount due and sent petitioner notice and demand for payment. On June 23, 2001, respondent sent petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. The Letter 1058 shows an outstanding liability for taxable year 1998 of $1,290.61.

On July 19, 2001, petitioner submitted a timely Form 12153, Request for a Collection Due Process Hearing. The Form 12153 was accompanied by a letter from petitioner's representative, Jerry A. Jewett (Mr. Jewett),[2] containing frivolous arguments. On March 21, 2002, respondent's settlement officer held a face-to-face hearing with petitioner and Mr. Jewett. Petitioner provided a court reporter to transcribe the hearing.

---

[2]By order dated Feb. 20, 2004, Mr. Jewett was suspended from practicing before this Court for 3 years for failure to comply with the American Bar Association's Model Rules of Professional Conduct. Mr. Jewett subsequently withdrew as counsel of record in the instant case.

On July 12, 2002, respondent issued to petitioner a notice of determination. On August 13, 2002, petitioner submitted a timely petition containing frivolous arguments to this Court.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The party opposing summary judgment must set forth specific facts that show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies him or her in writing of the right to a hearing before the Appeals Office. The Appeals officer must verify at

the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing, the person requesting a hearing may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax, however, only if he or she did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). A taxpayer who has self-assessed a liability has not had the opportunity to dispute his tax liability and may raise the underlying liability in a collection review proceeding. See Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

The record indicates that the only issues petitioner raised throughout the section 6330 administrative process and in his petition to this Court were frivolous tax protester arguments. We do not address petitioner's frivolous arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, we hold that no genuine issue of material fact exists requiring trial and that respondent is entitled to summary judgment. Respondent's determination to proceed with the proposed levy to collect petitioner's tax liability for 1998 was not an abuse of discretion.

Section 6673(a)(1) authorizes the Court to impose a penalty not in excess of $25,000 when it appears to the Court that, inter alia, the proceedings have been instituted or maintained by the taxpayer primarily for delay or that the position of the taxpayer in the proceedings is frivolous or groundless. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued a warning concerning the imposition of a penalty under section 6673(a)(1) on those petitioners abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions. The Court has since repeatedly disposed of

cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.[3]  See, e.g., Craig v. Commissioner, supra at 264-265 (and cases cited threat).

Respondent has not sought a section 6673 penalty in the instant case; however, the Court considers the issue sua sponte. Although we do not impose a penalty on petitioner, we take this opportunity to admonish petitioner that the Court will consider imposing such a penalty should he return to the Court in the future in an attempt to delay collection or advance frivolous or groundless arguments.

To reflect the foregoing,

An appropriate order and

decision will be entered.

---

[3]We note that on Dec. 20, 2006, Congress enacted the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. A, sec. 407, 120 Stat. 2960, which, through amendments to secs. 6702 and 6330, instructs the Secretary to prescribe a list of positions identified as frivolous.  A request for a sec. 6330 hearing based on any such position may then be disregarded and is not subject to further administrative or judicial review.  The new provisions are effective only for issues raised after the Secretary prescribes the list of frivolous positions.